## HOSKIE v. PRUDENTIAL INS. CO. OF AMERICA (LORRAC REAL ESTATE CORPORATION, Third Party Defendant).

### No. 1719.

District Court, E. D. New York.

May 7, 1941.

On Motion for Reargument, May 24, 1941.

William A. Blank, of Brooklyn, N. Y., for plaintiff.

Clark & Reynolds, of New York City, for Prudential Ins. Co. of America.

Arthur I. Goldstein, of New York City, for Lorrac Real Estate Corporation.

MOSCOWITZ, District Judge.

This is a motion made by Lorrac Real Estate Corporation, third party defendant, to dismiss this action because of lack of jurisdiction.

This is an action for personal injuries originally brought by the plaintiff, a citizen of New York, against the Prudential Insurance Company of America, a New Jersey corporation. Pursuant to order of this Court, the Prudential Insurance Company of America was granted an order permitting it to serve a summons on Lorrac Real Estate Corporation, a New York corporation, and asserting a claim against it by way of indemnity. Subsequently, the plaintiff was permitted to amend his complaint to assert a claim against the third party defendant as well as against the third party plaintiff.

The third party defendant then made this motion to dismiss the amended complaint because of lack of jurisdiction. Had the plaintiff originally brought his action against both parties defendant this Court would have lacked jurisdiction in view of the well established rule that where jurisdiction of a Federal Court is based upon diversity of citizenship, that diversity must exist as between the plaintiff and all parties defendant. The identity of citizenship between the plaintiff and Lorrac Real Estate Corporation would have prevented this Court from taking jurisdiction. It remains, therefore, to be seen whether the circumstances under which the present amended complaint is before the Court ought to alter that rule.

It has become reasonably well established that diversity of citizenship is not necessary to support the claim of a defendant against a third party defendant. That jurisdiction has been held to rest upon the jurisdiction of the main action, the third party proceeding being regarded as ancillary to the main action. Bossard v. McGwinn, D.C., 27 F.Supp. 412.

Here, however, we are not concerned with the jurisdiction of the third party action, but that as between the plaintiff and the third party. Admittedly the plaintiff could have joined Lorrac Real Estate Corporation as a party defendant in his original complaint. That he chose not to do, probably because he sought the jurisdiction of the Federal Courts, and the joinder of Lorrac Real Estate Corporation would have made that impossible, there being no federal grounds of jurisdiction other than diversity of citizenship.

It is difficult to comprehend why this Court should now have jurisdiction over a claim of a New York plaintiff against a New York defendant after they are brought together through the circuitous means of a third party complaint and then an amended main complaint, whereas had the procedure been direct no jurisdiction would have existed. Jurisdiction cannot be based upon any theory of an ancillary proceeding, for by reason of the amended complaint there no longer is any main action in which diversity exists. Nor does this case fall within the principles of the rule that once having had jurisdiction, this Court retains jurisdiction. Here there never was jurisdiction over any claim of the plaintiff against Lorrac Real Estate Corporation. Moreover, to accept jurisdiction herein might open the door to circumvention of the diversity rule by use of a friendly original defendant.

In view of the foregoing therefore, the amended complaint must be treated as a nullity and the original complaint reinstated. The fact that permission was previously granted to serve the amended complaint can have no bearing on the situation, for it does not appear that the jurisdictional question was brought to the Court's attention at that time.

Motion denied. Settle order on notice.

On Motion for Reargument.

The motion for leave to reargue the motion decided May 7th, 1941, is denied.

The complaint merely alleges that the plaintiff is a "resident" of the County of Kings, City and State of New York, this is insufficient to give the Court jurisdiction. In order that this Court have jurisdiction plaintiff's "citizenship" must be alleged. See Realty Holding Company v. Donaldson, 268 U.S. 398, 45 S.Ct. 521, 69 L.Ed. 1014.

The plaintiff will be granted ten (10) days within which to serve an amended complaint setting forth his citizenship. If said amended complaint is not served, the motion to dismiss the complaint will be granted.

Settle order on notice covering this motion and the one decided May 7, 1941.