## McDONALD v. DYKES et al.
### No. 4801.

District Court, E. D. Pennsylvania.

March 14, 1947.

V. P. Desmond, of Chester, Pa., for plaintiff.

Raymond A. White and T. E. Comber, both of Philadelphia, Pa., for defendant.

McGRANERY, District Judge.

Plaintiff, a Pennsylvania resident, was injured on August 20, 1943, when the automobile in which she was a passenger collided in Chester, Pa., with a truck. On May 24, 1945, she brought suit in this court against the driver of the truck, Mr. Dykes, a resident of Delaware, and the Victor Lynn Lines, Inc., owner of the truck, and a Maryland corporation. On June 22, 1945, the above-named defendants obtained an order of this court under Federal Rule 14, 28 U.S.C.A. following section 723c, to summon, as a third-party defendant, William J. O'Brien, owner and operator of the car in which plaintiff had been riding at the time of the accident. Mr. O'Brien was a citizen of Pennsylvania. The third-party complaint averred that the accident was the result of Mr. O'Brien's negligence and de-

manded judgment against him for all sums that might be adjudged for the plaintiff against the original defendants. Plaintiff then amended her complaint, alleging that her injuries were sustained as a result of the negligence of the original defendants and the third-party defendant, and praying judgment against all of them. The case proceeded to trial, and resulted in a verdict and judgment against all of the defendants for $20,000. The third-party defendant then filed two motions: one to set aside the verdict and grant judgment for third-party defendant because of lack of diversity of citizenship between plaintiff and third-party defendant, and another to set aside the verdict and obtain a new trial because of error in charging the jury.

The jurisdictional problem posed by impleader under Rule 14 has arisen frequently in the Federal courts, and the decisions have been in conflict as to whether diversity of citizenship between a plaintiff and a third-party defendant is necessary for the former to have a valid judgment against the latter. Two Circuits have dealt with the problem. In Friend v. Middle Atlantic Transp. Co., 2 Cir., 153 F.2d 778, certiorari denied 328 U.S. 865, 66 S.Ct. 1370, defendants in an accident case impleaded the plaintiff's husband, driver of the car in which plaintiff was riding when injured. Plaintiff amended to state a claim against him, as well, and the jury returned a verdict against all defendants. Plaintiff wife and her husband, third-party defendant, were residents of the same state. On appeal of the latter, the Circuit Court dismissed the claim against him, for want of jurisdiction, and affirmed the judgment against the original defendants.

In Baltimore & Ohio Railroad Co. v. Saunders, 4 Cir., 159 F.2d 481, 484, plaintiff was injured when defendant's train hit a truck in which plaintiff was riding. Plaintiff and defendant railroad company were citizens of different states. The Railroad Company moved to implead plaintiff's employer and the driver of the truck, as solely, or in the alternative, jointly liable for plaintiff's injuries. The third-party defendant successfully moved to dismiss the third-party complaint. In affirming the dismissal, the Circuit Court of Appeals for the Fourth Circuit said: "If the * * * motion had been allowed, its effect would have been to convert plaintiff's action into one against the third party defendants as well as against the B. & O. to establish tort liability on the part of one or all of them. * * * There can be no question but that such joinder of defendants by plaintiff, on the filing of the original complaint, would have defeated the jurisdiction. * * * the situation is no different merely because one of the defendants is brought into the case by subsequent motion."

In addition, in People of State of Illinois v. Maryland Casualty Co., 7 Cir., 132 F.2d 850, 853, Judge Minton, in a special opinion, pointed out that although he agreed with majority affirmance of an order dismissing plaintiff's complaint on the merits, he also believed that the court had no jurisdiction over plaintiff's litigation with the third-party defendant, because diversity between them was absent. The majority opinion ignored the jurisdictional point.

In the various District courts, opinion has been sharply divided. Cf. Sklar v. Hayes, D.C., 1 F.R.D. 415 and 594 with Hoskie v. Prudential Ins. Co. of America, D.C., 39 F.Supp. 305. But on the whole, the weight of authority has probably been that the Federal courts have no jurisdiction to grant plaintiffs judgment against third-party defendants, where diversity between them is lacking. The point has come up usually before judgment in a denial of plaintiff's motion to amend to state a claim against the third-party defendant (Johnson v. G. J. Sherrard Co., D.C., 2 F.R.D. 164) or on a motion of the third-party defendant to dismiss the third-party complaint which alleges his liability to plaintiff (Saunders v. Baltimore & Ohio Railroad Co., D.C., 63 F.Supp. 705). See also Herrington v. Jones, D.C., 2 F.R.D. 108.

In the instant case, though it might be more convenient for the parties to allow them to litigate here all the controversies connected with this accident, the federal jurisdictional requirements must nevertheless be met. The Rules are not to be construed to extend the jurisdiction of federal district courts. Rule 82. Cf. Hoskie v. Prudential Ins. Co. of America, su-

pra, 39 F.Supp. at page 306. Though there is authority indicating a contrary conclusion (Gray v. Hartford Accident and Indemnity Company, D.C., 31 F.Supp. 299; Myer v. Lyford, D.C., 2 F.R.D. 507) the court feels that a judgment for the plaintiff against joint tort feasors cannot now include as a defendant a co-citizen any more than it could before the adoption of Rule 14. Cf. Osthaus v. Button, 3 Cir., 70 F.2d 392. However, setting aside the verdict and entering judgment for the third-party defendant does not disturb the verdict against the original defendants, since their liability was several as well as joint. Cf. Friend v. Middle Atlantic Transp. Co. supra, and Hoskie v. Prudential Ins. Co. of America, supra.

██ This result concededly works hardship on the original defendants, who properly impleaded the third party as liable to them. Moreover, diversity exists between them and the third party, although this may not be necessary. Cf. Bernstein v. N. V. Nederlandsch-Amerikaansche, etc., D.C., 6 F.R.D. 297. However, the jury verdict was upon the issue of the liability of the defendants to the plaintiff. The original defendants could have asked for instructions to the jury and a special verdict upon the third-party complaint, or, after judgment, for a new trial on the issues presented by that complaint and undecided by the verdict. Doubtless, they were satisfied with plaintiff's action in amending his complaint to include the third party as jointly liable, and with the judgment against all defendants. In any event, the time is past under Rule 59 within which motions for a new trial may seasonably be made. The court reluctantly observes that the limitation applies, as well, to new trials granted on the court's initiative, even though a motion for a new trial has already been seasonably filed on other grounds. Freid v. McGrath, 76 U.S.App.D.C. 388, 133 F.2d 350; Marshall's U. S. Auto Supply, Inc. v. Cashman, 10 Cir., 111 F.2d 140, certiorari denied 311 U.S. 667, 61 S.Ct. 26, 85 L.Ed. 428. Since there is no judgment on the third-party complaint, the third-party plaintiff can resort again to the courts to enforce his rights against the third-party defendant under Pennsylvania law with no fear of the res judicata doctrine being effectively invoked against him.

Since the verdict against the third-party defendant is set aside, it is unnecessary to discuss his objections to the charge.

Motion to set aside the verdict granted and an order dismissing the complaint should be entered in accordance with this opinion.