**Wendell OLSON and Edna Olson, Plaintiffs,**

v.

**UNITED STATES of America, Defendant, and Third-Party Plaintiff,**

v.

**FRENCHMAN–CAMBRIDGE IRRIGATION DISTRICT, Third-Party Defendant.**

Civ. No. 630L.

United States District Court
D. Nebraska.

Dec. 10, 1965.

Earl J. Witthoff, Lincoln, Neb., for plaintiffs.

Richard L. Edgerton, Asst. U. S. Atty., Omaha, Neb., for defendant and third-party plaintiff.

John P. Glynn, Jr., Lincoln, Neb., for third-party defendant.

VAN PELT, District Judge.

The matter before the court is the plaintiffs' motion, filing number 22, for leave to amend the complaint. By the amendment, plaintiffs, Nebraska citizens and residents, propose to assert claims against the third party defendant, a Nebraska corporate irrigation district. The question for determination is whether independent jurisdiction is needed for a plaintiff to assert such a claim against the third-party defendant pursuant to Federal Rule 14. The proposed claims are clearly connected with and arise out of matters set forth in the original complaint.

A portion of Federal Rule 14 provides:

"The plaintiff may assert any claim against the third-party defendant arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff, and the third-party defendant thereupon shall assert his defenses as provided in Rule 12 and his counterclaims and cross-claims as provided in Rule 13."

Nowhere in Federal Rule 14 is it expressly provided that diversity is a requisite for a plaintiff asserting a claim against the third-party defendant. The weight of authority, however, is to the contrary. A number of courts have been impressed with the fact that by not requiring diversity, the plaintiff could assert a claim against a party whom he could not have sued directly in the federal courts without independent jurisdictional grounds. David Crystal, Inc. v. Cunard S. S. Co., 223 F.Supp. 273 (S.D.N.Y. 1963); LaChance v. Service Trucking Co., 208 F.Supp. 656 (D.Maryland 1962); Pasternack v. Dalo, 17 F.R.D. 420 (W.D. Pa.1955); Welder v. Washington Temperance Ass'n, 16 F.R.D. 18 (D.Minn. 1954); (Dictum) United States v. Lushbough, 200 F.2d 717, 721 (8th Cir. 1952); Hoskie v. Prudential Ins. Co. of America, 39 F.Supp. 305 (E.D.N.Y.1941.) These same decisions express the danger of collusion between the original parties thereby enabling a plaintiff to assert a claim against a co-citizen in the federal courts through the use of third-party practice.

Some courts, however, have rejected the majority's reasoning and have held that independent jurisdiction is not required. Myer v. Lyford, 2 F.R.D. 507 (M.D.Pa.1942); Sklar v. Hayes, 1 F.R.D. 594 (E.D.Penn.1941). The court in Sklar v. Hayes, supra, at 596, stated:

"Just as controversies presented by third-party complaints are within the ancillary jurisdiction of the courts, so are controversies presented by assertion of claims against third-party defendants by plaintiffs. To hold otherwise would be to deny practical effect to Rule 14 of many cases. The object of the Rule is to avoid circuity of action and multiple suits, to adjust in a single suit the

several phases of the same controversy."

Judge Holtzoff has expressed disagreement with the rule requiring independent jurisdiction:

"It would seem, perhaps, that a separate basis for jurisdiction and venue should not be needed to justify the assertion of the plaintiff's claim as against a third-party defendant. The prevailing view is, however, to the contrary. This attitude from a practical standpoint, may lead to failure of justice in some cases. Some of the beneficent aspects of third-party practice may be frustrated. As a matter of theory and logic, it would seem reasonable to hold that a third-party claim is ancillary and auxiliary to the main suit for all purposes, and not only as between the third-party plaintiff and the third-party defendant." Holtzoff, Entry of Additional Parties in a Civil Action, 31 F.R.D. 101, 110 (1963).

The same view is espoused by Professor George B. Fraser, Ancillary Jurisdiction and the Joinder of Claims in the Federal Courts, 33 F.R.D. 27, 41 (1964).

Professor Moore further states that other contentions may be made in favor of allowing the plaintiff to assert claims against the third-party defendant regardless of the presence of independent grounds of jurisdiction.

"* * * first, the court may always exercise its discretionary powers to deny impleader when the third-party complaint shows no genuine grounds for recovery over; secondly, the very purpose of Rule 14 is to settle related matters in one action if it can be done without extending federal jurisdiction. As a result, a rule that independent grounds of jurisdiction need not exist in cases where the third party seeks to assert a claim against the plaintiff would require a reversal of existing authority in the converse situation." 3 Moore, Federal Practice, Para. 14.27 [2], p. 726.

Recently, this court held that independent grounds of jurisdiction need not exist in allowing a third-party defendant to assert a claim against the plaintiff. Union Bank & Trust Co. v. St. Paul Fire and Marine Ins. Co., 38 F.R.D. 486 (D.C.1965).

As to the fear of collusion, it may be argued that the fact that there may be collusion between the original parties in *some* cases should not prevent plaintiffs from asserting claims against third-party defendants in *all* cases. The courts should only dismiss the claim where collusion actually exists.

As a matter of policy and logic, it appears reasonable to regard a claim asserted by a plaintiff against a third-party defendant as ancillary to the original action. This court in United States for Use and Benefit of Claussen-Olson-Benner, Inc. v. Doolittle Construction, Inc., 195 F.Supp. 537 (D.Neb.1961) allowed a plaintiff's claim against the subcontractor which was, in effect, a claim by a plaintiff against a third-party defendant. Although other considerations in this Miller Act suit played a role in reaching the above conclusion, a portion of the reasoning is appropriate here.

"When such a determination must be made the concept of ancillary jurisdiction seems to dictate that this court can exercise jurisdiction of plaintiff's claim against Acme. Barron and Holtzoff (Federal Practice and Procedure, Vol. 1, § 23, p. 94) state that ancillary jurisdiction 'is a common-sense solution of the problems of piecemeal litigation which otherwise would arise by virtue of the limited jurisdiction of federal courts.' Adherence to this 'common sense' approach will allow a just result in the instant case. * * * Effective disposition of the case requires this court to adjudicate plaintiff's contractual claim against Acme." (539–540)

It is the conclusion of the court that this common sense approach toward ancillary jurisdiction is justifiably applied in the instant case. The essential purpose of ancillary jurisdiction is to avoid multiplicity of suits and to determine the rights of all parties arising out of one transaction. No sound reason exists to require more exacting jurisdictional standards in the instant case than those applied in any other ancillary proceeding.

It is therefore ordered by the court that plaintiffs' motion for leave to amend the complaint be granted.