**Casper PALUMBO, Plaintiff,**

v.

**WESTERN MARYLAND RAILWAY COMPANY, a body corporate, Defendant and Third-Party Plaintiff,**

v.

**The COTTMAN COMPANY, a body corporate, Third-Party Defendant.**

**Civ. No. 17871.**

United States District Court
D. Maryland.

July 24, 1967.

Stanley Silverman, Herbert H. Silverman, and Silverman & Silverman, Baltimore, Md., for plaintiff.

Paul M. Higinbothom, Baltimore, Md., for defendant and third-party plaintiff.

Joseph H. Young, Baltimore, Md., for third-party defendant.

THOMSEN, Chief Judge.

The original complaint herein was filed by plaintiff, a citizen of Maryland, against the Western Maryland Railway Company and the Cottman Company, Maryland corporations. Plaintiff claimed jurisdiction against both defendants under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., although he alleged that he was employed by the Railway Company and not by the Cottman Company. A motion by the Cottman Company to dismiss the complaint as against it was granted for lack of jurisdiction of the claim asserted against that company.

---

1. See the authorities collected in fn. 11 in. Haynes v. Rederi A/S Aladdin, 5 Cir., 362 F.2d 345, 350.

Plaintiff thereafter filed an amended complaint against the Railway Company alone. The Railway Company answered and filed a third-party complaint against the Cottman Company for indemnity.

■ Plaintiff now seeks leave to file a second amended complaint under Rule 14(a), F.R.Civ.P., asserting a claim against the third-party defendant, the Cottman Company. The Cottman Company objects, contending that independent grounds of jurisdiction are necessary to support a claim by a plaintiff against a third-party defendant, and that no such grounds exist in this case.

When Rule 14 was first adopted, Professor Moore expressed the opinion that independent grounds of jurisdiction would be required to support a plaintiff's claim against a third-party defendant, and most of the Courts have taken that view. See 3A Moore's Federal Practice, 2d ed., ¶ 14.27 [i] and cases cited therein. In Friend v. Middle Atlantic Transp. Co., 153 F.2d 778 (2 Cir., 1946), cert. den. 328 U.S. 865, 66 S.Ct. 1370, 90 L.Ed. 1635, Judge Clark, speaking for the Second Circuit (as well as out of his experience as Chairman of the Advisory Committee on Rules) said:

"May a defendant cause a third party to be brought into a federal civil action under Federal Rules of Civil Procedure, rule 14, 28 U.S.C.A. following section 723c, to answer, along with it, to the *plaintiff's* claim, where the plaintiff and such party are citizens of the same state and federal jurisdiction does not otherwise appear? That is the issue squarely presented here, and we think it must be answered in the negative. Notwithstanding the undoubted convenience of extensive joinder in cases such as this, we must observe the established boundaries of federal jurisdiction, which the rules do not enlarge. F.R. 82." 153 F.2d at 779.

When Rule 14 was amended in 1948, the Advisory Committee noted that "in any case where the plaintiff could not have joined the third party originally be-cause of jurisdictional limitations such as lack of diversity of citizenship, the majority view is that any attempt by the plaintiff to amend his complaint and assert a claim against the impleaded third party would be unavailing." The note referred to a number of cases and commentators. Since the amendment, the weight of authority has continued to require independent grounds of jurisdiction for such a claim. Moore, op. cit., ¶ 14.27 [i].

Judge Van Pelt assembled all the arguments to the contrary in his opinion in Olson v. United States, 38 F.R.D. 489, 490 (D.Neb.1965), and refused to follow the majority view. He noted that some courts have expressed "the danger of collusion between the original parties thereby enabling a plaintiff to assert a claim against a co-citizen in the federal courts through the use of third-party practice." Fear of collusion is not the principal argument supporting the majority rule. Collusion between the plaintiff and the original defendant is not necessary. Wherever the law provides for contribution among joint tortfeasors, or a defendant has a possible claim for indemnity, the defendant will ordinarily file a third-party complaint, giving plaintiff the opportunity to assert a claim against the third-party defendant.

The principal reason for the majority rule was tersely stated in McPherson v. Hoffman, 275 F.2d 466 (6 Cir., 1960), as follows:

"Under the Federal Employers' Liability Act the plaintiff could bring his action against the Railroad in Federal Court without diversity of citizenship. Section 56, Title 45 U.S. C.A. He could not have sued the Mc-Phersons in Federal Court separately nor could he have joined them with Chesapeake and Ohio because there was no diversity of citizenship between him and the McPhersons. Section 1332, Title 28 U.S.C. What he could not do directly could not be done for him indirectly. The court did not have jurisdiction to enter a judgment against third-parties defendant in

favor of the plaintiff Hoffman. Jurisdiction cannot be waived." 275 F.2d at 470.

█ As the opinions quoted and other opinions have recognized, this is a question of jurisdiction and not of discretion. If it were a matter of discretion, the Court might properly consider a number of factors, on the one hand, the desirability of disposing of all issues and claims in one case, and on the other, the lack of prejudice to a plaintiff such as this, who could have sued both defendants in a Maryland State Court, and has sued the Cottman Company therein. Federal courts should not stretch for jurisdiction, especially where the plaintiff is a citizen of the State in which the suit is filed.

Leave to file the proposed second amended complaint is hereby denied.