Frank CORBI and Mario Corbi, doing business as Alliance Aero Enterprises, Plaintiffs,

v.

The UNITED STATES of America, Defendant and Third-Party Plaintiff

v.

TRANS WORLD AIRLINES, INC., Third-Party Defendant.

Civ. A. No. 68–706.

United States District Court
W. D. Pennsylvania.

April 16, 1969.

Roger Curran, of Rose, Schmidt & Dixon, Pittsburgh, Pa., for plaintiffs.

John H. Bingler, Jr., Asst. U. S. Atty., Pittsburgh, Pa., for defendant and third-party plaintiff.

James F. McKenna, Esq., of Dickie, McCamey and Chilcote, Pittsburgh, Pa., for third-party defendant.

## OPINION AND ORDER

MARSH, District Judge.

Plaintiff domiciled in Ohio brought suit against the United States under the Federal Tort Claims Act to recover damages in the amount of $1,497.16 to their airplane due to the negligence of the defendant's employees at the Greater Pittsburgh Airport, Allegheny County, Pennsylvania.

The complaint presents a federal cause of action alleging that the employees of the United States operating the Tower Ground Control at the Airport negligently directed plaintiffs' airplane and negligently failed to properly direct a TWA Constellation aircraft resulting in damage to plaintiffs' airplane. The defendant denied any such negligence and alleged contributory negligence on the part of the plaintiffs.

The defendant filed and served a third party complaint against TWA alleging that the damage to the plaintiffs' airplane was caused by the negligent operation of the aforementioned TWA plane by the employees of TWA and requested contribution from TWA insofar as defendant is liable to the plaintiffs. TWA denied negligence and asserted that the damage was caused by the negligence of the employees of the United States and contributory negligence of an employee of the plaintiffs.

Pretrial procedure was invoked on November 20, 1968. On February 25, 1969, the plaintiffs moved to amend their complaint and add TWA as a party defendant. TWA opposes the amendment.

The amendment presents a separate and distinct nonfederal cause of action alleging that employees of TWA negligently caused the damage to plaintiffs'

plane. It, therefore, appears that plaintiffs allege alternative causes of action against the two defendants, in an effort to recover against either or both, as the facts may develop at the trial,—against the defendant The United States, under the Federal Tort Claims Act, and against defendant TWA, under the common law of Pennsylvania. Cf. Pearce v. Pennsylvania R. Co., 162 F.2d 524 (3d Cir.1947).

■ At an informal hearing it appeared that between the plaintiffs and the third party defendant there exists diversity jurisdiction, but the relief sought in the complaint is below the jurisdictional amount. Section 1332, 28 U.S.C. Thus, the issue is: May plaintiffs bring in a third party defendant under Rule 14(a) Fed.R.Civ.P. absent the jurisdictional amount when federal jurisdiction does not otherwise appear between them? We think this issue must be answered in the negative.

■ It has been long since decided that under Rule 14(a) Fed.R.Civ.P. jurisdictional facts must exist between the plaintiff and a third party defendant before plaintiff is permitted by way of amendment to add the third party defendant as a party defendant. See McPherson v. Hoffman, 275 F.2d 466 (6th Cir.1960); Patton v. Baltimore & O. R. Co., 197 F.2d 732, 743 (3d Cir.1952); Gladden v. Stockard S. S. Co., 184 F.2d 510 (3d Cir.1950); Sheppard v. Atlantic States Gas Co., 167 F.2d 841, 845 (3d Cir.1948); Friend v. Middle Atlantic Transp. Co., 153 F.2d 778 (2d Cir. 1946)[1]; Osthaus v. Button, 70 F.2d 392 (3d Cir.1934); Palumbo v. Western Maryland Railway Company, 271 F. Supp. 361 (D.Md.1967); Armstrong v. United States, 171 F.Supp. 835, 840 f.n. 4 (E.D.Pa.1959); McDonald v. Dykes, 6 F.R.D. 569 (E.D.Pa.1947) aff'd per curiam 163 F.2d 828 (3d Cir.1947); 3 Moore's Federal Practice ¶ 14.27[1]. None of these cases so much as mentions pendent jurisdiction. The principles of the rule that once jurisdiction attaches, a federal court retains jurisdiction, are not applicable.

I relied on some of these decisions in Pasternack v. Dalo, 17 F.R.D. 420, 425 (W.D.Pa.1955) in declaring that if the plaintiffs and third party defendants were citizens of the same state the district court "would lack jurisdiction to render a binding judgment in favor of the plaintiffs against the third-party defendants."

As stated in 37 A.L.R.2d, at page 1430, Sec. 9: "The courts have held, with almost complete uniformity, that an amendment of the plaintiff's complaint so as to assert a claim against the third-party defendant destroys the court's jurisdiction, where the plaintiff and the third-party defendant have a common citizenship." [Citing numerous decisions]

The notes of the Advisory Committee on Rule 14 state that "[I]n any case where the plaintiff could not have joined the third party originally because of jurisdictional limitations such as lack of diversity of citizenship, the majority view is that any attempt by the plaintiff to amend his complaint and assert a claim against the impleaded third party would be unavailing. [Citing cases]"

This case is unlike cases where under state statutory law two rights of action shall be redressed in one suit, for example: a father's claim is pendent to that of his son, Wilson v. American Chain and Cable, 364 F.2d 558 (3d Cir.1966), and under both the Survival Act and Wrongful Death Act of Pennsylvania the Federal Court has jurisdiction of either claim as pendent to the other, Borror v. Sharon Steel Company, 327 F.2d 165 (3d Cir.1964).

I am aware of the persuasive authorities cited by the plaintiffs in their supplemental brief, but even they agree that the weight of authority is opposed to their position. No appellate court case is included among the citations submit-

---

1. The opinion was written by Judge Charles E. Clark, a distinguished member of the Advisory Committee on Civil Rules.

ted. In the circumstances, it is my opinion that higher authority than that of a district court should extend jurisdiction beyond that which is apparently the established law.

An appropriate Order will be entered.