Curtis FAWVOR, Plaintiff-Appellee,

v.

TEXACO, INC., Defendant-Third-Party Plaintiff,

v.

FOSTER WHEELER CORPORATION, Third-Party Defendant-Appellee.

B & B Insulation, Inc., Defendant-Third-Party Defendant-Appellant.

No. 75–2596.

United States Court of Appeals, Fifth Circuit.

Feb. 4, 1977.

John G. Tucker, Lawrence L. Germer, Beaumont, Tex., for appellant.

Joe H. Tonahill, Jasper, Tex., for Curtis Fawvor.

J. Dan Bohannan, Dallas, Tex., for Burford, Ryburn & Ford.

John G. Bissell, Beaumont, Tex., for Texaco, Inc.

George A. Weller, Beaumont, Tex., for Foster Wheeler, and others.

Before BROWN, Chief Judge, and HILL and FAY, Circuit Judges.

FAY, Circuit Judge:

This interlocutory appeal was taken pursuant to Title 28, U.S.C. § 1292(b), to have the Court determine whether an independent basis for jurisdiction must exist before a plaintiff in a diversity case may assert a state-created cause of action against a third party defendant, when both the plaintiff and the third-party defendant are citizens of the same state. This Court finds that some independent basis is necessary for federal jurisdiction, and therefore reverses the lower court.

Based on diversity jurisdiction, plaintiff, a Texas citizen, brought a negligence action in federal district court under state law against Texaco, a Delaware corporation whose principal place of business was determined by the trial court to be other than Texas.[1] When Texaco subsequently impleaded B & B Insulation, Inc., as a third-party defendant, pursuant to Rule 14, Federal Rules of Civil Procedure,[2] seeking common law indemnity, plaintiff asserted a negligence claim directly against B & B[3], which moved to dismiss due to lack of diversity jurisdiction. The district court denied the motion to dismiss and the third-party defendant, B & B, instituted this interlocutory appeal.

---

1. Plaintiff contended that the district court also had federal question jurisdiction due to plaintiff's other claims against the defendants, based on alleged violations of the Occupational and Safety Health Act, 29 U.S.C. § 651 et seq. [OSHA]. The district court, however, granted the motion to strike the OSHA claims and ground for jurisdiction, finding that no private right of action existed under this Act. The petition of the plaintiff for interlocutory appeal of the order granting the motion to strike was denied by this Court on the authority of Jeter v. St. Regis Paper Co., 507 F.2d 973 (5th Cir. 1975).

2. The relevant part of Rule 14 provides:
   "(a) . . . a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. . . . The plaintiff may assert any claim against the third-party defendant arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff, and the third-party defendant thereupon shall assert his defenses as provided in Rule 12 and his counterclaims and cross-claims as provided in Rule 13. . . ."

3. A cursory review of the record might suggest some confusion as to the status of B & B as a co-defendant or third-party defendant, due to the filing of a First Amended Complaint before the district court entered its written order allowing the filing of a third-party complaint. The parties have agreed, however, that B & B is included in this action as a third-party defendant and do not want the decision of this Court to hinge on the technicality of which pleading controls. Further, at oral argument the parties informed the court that plaintiff filed an additional amended complaint to clarify that B & B is being sued as a third-party defendant.

Appellant submits that the plaintiff could not have sued B & B in the federal court because no diversity of citizenship exists between the plaintiff and B & B, so that allowing plaintiff to assert a cause of action merely because B & B was brought into the case as third-party defendant would permit plaintiff to do indirectly what it could not do directly. See *McPherson v. Hoffman,* 275 F.2d 466 (6th Cir. 1960); *Palumbo v. Western Maryland Ry.,* 271 F.Supp. 361 (D.C.Md.1967) *Hoskie v. Prudential Ins. Co. of America,* 39 F.Supp. 305 (D.C.N.Y.1941). Appellant also argues that, although there is no indication of collusion between the plaintiff and the defendant in the instant case, if the plaintiff is permitted to maintain its action against a non-diverse defendant, it is encouraged to sue a diverse defendant, knowing that such defendant as a practical matter will interplead other parties and thus provide a vehicle for plaintiff's jurisdiction. This would encourage suits against persons who otherwise could not and should not be involved in the litigation, which appellant submits is the position of Texaco, the diverse defendant in the instant case.

Plaintiff-Appellee, on the other hand, contends that ancillary and pendent jurisdiction permit the federal court to consider all claims deriving from a common nucleus of operative facts, relying on *Moor v. County of Alameda,* 411 U.S. 693, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973); *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), so that the plaintiff's claim against the third-party defendant should be heard along with the plaintiff's claim against the original defendant. Appellee also suggests that this would avoid circuity and multiplicity of litigation.

■ Rule 14 of the Federal Rules of Civil Procedure governs third-party practice.[4] Under this rule, where there is diversity between the plaintiff and the defendant, the defendant may implead a third-party of the same citizenship as the plaintiff. *Agrashell, Inc. v. Bernard Sirotta Co.,* 344 F.2d 583 (2nd Cir. 1965); *Stemler v. Burke,* 344 F.2d 393 (6th Cir. 1965); *Williams v. Keyes,* 125 F.2d 208 (5th Cir. 1942). See also, 3 J. Moore, Federal Practice, ¶ 14.26 at 701–702 (1968). Pursuant to Rule 14, a plaintiff is also permitted to "assert any claim against the third-party defendant arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff." However, Rule 14 does not indicate whether it is necessary to have a basis of jurisdiction independent of the main action in order to support a plaintiff's claim against a third-party defendant.[5]

■ The fundamental and well-established principle is that complete diversity between the plaintiff and all defendants is required under 28 U.S.C. § 1332. *Strawbridge v. Curtiss,* 3 Cranch (7 U.S.) 267, 2 L.Ed. 435 (1806). A plaintiff may not sue one non-diverse defendant along with a diverse defendant. *Mas v. Perry,* 489 F.2d 1396 (5th Cir. 1974); *Anderson v. Papillion,* 445 F.2d 841 (5th Cir. 1971); *Lowry v. International Brotherhood et al.,* 259 F.2d 568 (5th Cir. 1958).

The constitutional, statutory and public policy arguments behind the diversity doctrine seem equally as applicable to situations where a defendant files a third-party claim. In diversity cases, the federal courts have jurisdiction under the law because citizens of different states are involved.[6] This basic concept is violated when the plaintiff is permitted to sue both diverse and non-di-

---

4. See n. 2 *supra.*

5. The legislative history of Rule 14, F.R.C.P., as shown by the Advisory Committee on the Rules of Federal Procedure, supports the position of the third-party defendant in this case. In discussing the 1948 amendments to Rule 14, the advisory committee stated that:

"In any case where the plaintiff could not have joined the third party originally because of jurisdictional limitations such as lack of

diversity of citizenship, the majority view is that any attempt by the plaintiff to amend his complaint and assert a claim against the impleaded third party would be unavailing."

6. § 2, Clause I of Article III of the United States Constitution gives Congress the power to vest jurisdiction in the federal courts involving a controversy between citizens of different states or between a citizen of a state and an alien. Title 28, United States Code, § 1332 presently provides for diversity jurisdiction.

verse defendants, and is equally violated where such suit occurs as a result of the filing of a third-party complaint. Although plaintiff argues that ancillary jurisdiction and convenience justify his third-party action, a similar argument is present when a plaintiff sues a diverse and a non-diverse defendant, and such argument has been rejected. See *Pearce v. Pennsylvania R. Co.,* 162 F.2d 524 (3rd Cir. 1947), *cert. denied,* 332 U.S. 765, 68 S.Ct. 71, 92 L.Ed. 350.

Not only does the rationale behind the diversity jurisdiction statute (28 U.S.C. § 1332) require its strict construction, see *Thomson v. Gaskill,* 315 U.S. 442, 62 S.Ct. 673, 86 L.Ed. 951 (1942); *McCoy v. Siler,* 205 F.2d 498 (3rd Cir. 1953), but Rule 82, Federal Rules of Civil Procedure, states that "[t]hese rules shall not be construed to extend or limit the jurisdiction of the United States district courts or the venue of the actions therein." The majority of the courts that have explored the question demand an independent jurisdictional basis for a plaintiff's claim against a third-party defendant.[7]

---

7. Majority View:
   *Kenrose Mfg. Co., Inc. v. Fred Whitaker Co., Inc.,* 512 F.2d 890 (4th Cir. 1972); *Stemler v. Burke,* 344 F.2d 393 (6th Cir. 1965); *McPherson v. Hoffman,* 275 F.2d 466 (6th Cir. 1960); *United States v. Lushbough,* 200 F.2d 717 (8th Cir. 1952); *Patton v. Baltimore & O. R. Co.,* 197 F.2d 732 (3rd Cir. 1952); *Gladden v. Stockard Steamship Co.,* 184 F.2d 507 (3rd Cir. 1950); *Pearce v. Pennsylvania R. Co.,* 162 F.2d 524 (3rd Cir. 1947), *cert. denied,* 332 U.S. 765, 68 S.Ct. 71, 92 L.Ed. 350; *Friend v. Middle Atlantic Transp. Co.,* 153 F.2d 778 (2nd Cir. 1946), *cert. denied,* 328 U.S. 865, 66 S.Ct. 1370, 90 L.Ed. 1635; *Rollins, Inc. v. General Ins. Co. of America,* Case No. C 74–1888 A (D.C.Ga., order entered July 29, 1975); *Schwab v. Erie Lackawanna Railroad,* 303 F.Supp. 1398 (W.D.Pa.1969); *Ayoub v. Helm's Express, Inc.,* 300 F.Supp. 473 (W.D. Pa.1969); *Palumbo v. Western Maryland Ry.,* 271 F.Supp. 361 (D.Md.1967); *Birdsong v. General Motors Corp.,* 99 F.Supp. 163 (E.D. Pa.1951); *Pasternack v. Dalo,* 17 F.R.D. 420 (W.D.Pa.1955); *Welder v. Washington Temperance Ass'n,* 16 F.R.D. 18 (D.Minn.1954); *Southwest Lime Co. v. Lindley,* 12 F.R.D. 484 (W.D.Ark.1952); *Kelly v. Pennsylvania Ry. Co.,* 7 F.R.D. 524 (E.D.Pa.1947); *Morris, Wheeler & Co. v. Rust Engineering Co.,* 4 F.R.D. 307 (D.Del.1945); *Herrington v. Jones,* 2 F.R.D. 108 (E.D.La.1941); *Johnson v. G. J. Sherrard Co.,* 2 F.R.D. 164 (Mass.1941); *Hoskie v. Prudential Ins. Co. of America,* 39 F.Supp. 305 (E.D.N.Y.1941); and Wright & Miller, Federal Practice and Procedure § 1444, p. 229 (1971); Wright, Law of Federal Courts, § 76, p. 337 (2d ed. 1970). *But see Morgan v. Serro Travel Trailer Co., Inc.,* 69 F.R.D. 697 (D.C.Kan.1975); *Buresch v. American LaFrance,* 290 F.Supp. 265 (D.C. Pa.1968); *Olson v. United States,* 38 F.R.D. 489 (D.C.Neb.1966); *Kelly v. Oklahoma Natural Gas Co.,* 11 F.R.Serv. 14a.62, Case 8 (D.C.Okla.1948).
   Most of the courts requiring an independent ground of federal jurisdiction followed Professor Moore in the first edition of his treatise. However, in the second edition, Professor Moore urges a re-examination of the strict *Strawbridge v. Curtiss* diversity rule, in light of the decision of the Supreme Court in *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), and submits that the matter of accepting jurisdiction should be within the trial judge's discretion. See 3 Moore's Federal Practice, ¶ 14.27(1), 2d Ed., 1974.
   In *Gibbs,* the respondent brought an action in federal court against petitioner UMW, asserting a federal statutory claim and a claim under the common law of Tennessee, both arising out of alleged concerted union efforts to deprive him of contractual and employment relationships with the coal mine's owners. The Supreme Court held that, in a federal question case, where the federal claim is of sufficient substance, and the factual relationship between "that claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional 'case' ", pendent jurisdiction extends to the state claim. 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218. The Supreme Court, emphasizing that pendent jurisdiction is a matter of discretion, not of plaintiff's right, also noted the various factors that should bear on the district court's exercise of this discretion.
   This Court recently upheld the inferred assertion of pendent jurisdiction in *Martin v. Louisiana and Arkansas R. Co.,* 535 F.2d 892 (5th Cir. 1976), a case in which two plaintiffs asserted claims predicated on the Federal Employers' Liability Act and on the Louisiana law of negligence. One of the grounds on defendant's appeal was that, although the district court decided the case primarily on the negligence issue, there was no showing of diversity jurisdiction. This Court held that even assuming the district court did not have diversity jurisdiction, the district court's observation that the FELA claim was an "extremely close question" would be considered equivalent to an assertion of pendent jurisdiction, a matter well within the dis-

The Supreme Court recently voiced its opinion in *Aldinger v. Howard*, 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976), where it affirmed the lower court's dismissal of the action against one party for lack of any independent ground of jurisdiction. The facts reveal that Aldinger was allegedly discharged by the county treasurer without a hearing. Aldinger brought suit pursuant to 42 U.S.C. § 1983 against the treasurer, Howard, as well as against Spokane County and other county officers claiming that her discharge violated her federal constitutional rights and seeking injunctive relief and damages. Jurisdiction of the federal claim was asserted under 28 U.S.C. § 1343(3). The district court dismissed the action against the county on the ground that since it was not suable as a "person" under § 1983, there was no independent basis of jurisdiction over the county and that the court therefore had no power to exercise pendent jurisdiction over the claims against the county. This dismissal was upheld and distinguished from the line of cases leading up to *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), stating:[8]

These cases, from *Osborn* to *Gibbs*, show that in treating litigation where nonfederal questions or claims were bound up with the federal claim upon which the parties were already in federal court, this Court has found nothing in Art III's grant of judicial power which prevented adjudication of the nonfederal portions of the parties' dispute. None of them, however, adverted to the separate question, involved in the instant case, of whether a nonfederal claim could *in turn* be the basis for impleading a party over whom no independent federal jurisdiction exists, simply because that claim could be derived from the "common nucleus of operative fact" giving rise to the dispute between the parties to the federal claim. [emphasis in original]. 427 U.S. at 9, 96 S.Ct. at 2418, 49 L.Ed.2d at 283.

Considering the situation where, as in the instant case a new party is impleaded, the Supreme Court wrote as follows:

The situation with respect to the impleading of a new party, however, strikes us as being both factually and legally different from the situation facing the Court in Gibbs and its predecessors. From a purely factual point of view, it is one thing to authorize two parties, already present in federal court by virtue of a case over which the court has jurisdiction, to litigate in addition to their federal claim a state law claim over which there is no independent basis of federal jurisdiction. But it is quite another thing to permit a plaintiff, who has asserted a claim against one defendant with respect to which there is a federal jurisdiction, to implead an entirely different defendant on the basis of a state law claim over which there is no independent basis of federal jurisdiction, simply because his claim against the first defendant and his claim against the second defendant "derive from a common nucleus of operative fact." Ibid. True, the same considerations of judicial economy would be served insofar as plaintiff's claims "are such that he would ordinarily be expected to try them all in one judicial proceeding . . . ." Ibid. But the addition of a completely new party would run counter to the well-established principle that federal courts, as opposed to state trial courts of general jurisdiction, are courts of limited jurisdiction marked out by Congress. We think there is much sense in the observation of Judge Sobeloff, writing for the Court of Appeals in *Kenrose Mfg. Co., Inc. v. Fred Whitaker Co., Inc.*, 512 F.2d 890, 894 (CA 4 1972):

"The value of efficiency in the disposition of lawsuits by avoiding multiplicity may be readily conceded, but that is not the only consideration a federal court should take into account in assessing the presence or absence of jurisdiction. Especially is this true where,

---

trict court's discretion under the facts of the case.

8. See the discussion of *Gibbs* in n.6 *supra*.

as here, the efficiency plaintiff seeks so avidly is available without question in the state courts." [9]

427 U.S. at 14, 96 S.Ct. at 2420, 49 L.Ed.2d at 286–287.

Although the Supreme Court limited its decision in *Aldinger* to issues of pendent party jurisdiction with respect to claims brought under § 1343(3) and § 1983, it also observed that impleading a new party not otherwise subject to federal jurisdiction

is a more serious obstacle to pendent jurisdiction than if parties already before the court are required to litigate a state law claim. Before it can be concluded that such jurisdiction exists, a federal court must satisfy itself not only that Art III permits it, but that Congress in the statutes conferring jurisdiction has not expressly or by implication negated its existence. 427 U.S. at 18, 96 S.Ct. at 2422, 49 L.Ed.2d 276, 289.

It may be observed that *Aldinger* involved a situation a shade different than the instant case: the petitioner in *Aldinger* attempted to join a federal claim against some defendants with a state claim against another defendant, the county, whereas the plaintiff in the instant case is seeking to join a state-law claim against one defendant jurisdictioned on diversity with a state law claim against a third-party defendant with respect to which no diversity exists. Thus, the rationale of *Aldinger* is persuasive and lends even stronger support to appellant's position in the instant case. Here we have no federal claims involved at all.

The case, *Kenrose Mfg. Co., Inc. v. Fred Whitaker Co., Inc.*, 512 F.2d 890 (4th Cir. 1972), cited with approval by the Supreme Court in *Aldinger, supra,* presented a situation closely analogous to the instant case. *Kenrose* was a diversity action in which the defendant impleaded a third-party defendant, a citizen of the same state as the plaintiff. The plaintiff then asserted a direct action against the third-party defendant.[10] Due to a lack of an independent basis of jurisdiction, the court held that it was without jurisdiction to entertain the plaintiff's action against the third-party defendant, summarizing the reasons suggested by other courts holding this majority view:

Several supporting reasons have been advanced by courts holding the majority view on this question. Among them are that:

(1) plaintiff should not be allowed, by an indirect route, to sue a co-citizen under diversity jurisdiction when he is not permitted to sue that party directly;

(2) the majority rule prevents collusion between plaintiff and defendant to obtain federal jurisdiction over a party who would otherwise not be within the court's reach;

(3) the rule which generally does not require diversity as between plaintiff and third-party defendant proceeds on the assumption that the plaintiff is seeking no relief against the third-party defendant; and

(4) federal dockets are so overcrowded that the federal courts should not reach out for state law based litigation. [footnote citations omitted]. 512 F.2d 890, 893.[11]

---

**9.** Plaintiff has filed an identical state court action styled *Curtis Fawvor v. Texaco, Inc. and B & B Insulation, Inc.* (Cause No. E–101, 342, District Court, Jefferson County, Texas).

**10.** Realizing it had no valid indemnification claim, the defendant subsequently moved for a voluntary dismissal without prejudice of its third-party action, to which the third-party defendant consented. The trial court granted the motion. The circuit court noted that although the dismissal of the third-party action presented an even stronger reason for their holding requiring an independent ground for jurisdiction, it would feel "entirely justified" in assuming this position based on the authority of the uniform precedents discussed therein. 512 F.2d 890, 895.

**11.** Subsequent cases have adhered to the ruling in *Kenrose: Parker v. Moore & Sons, Inc.,* 528 F.2d 764 (4th Cir. 1975), followed *Kenrose* "at least in the circumstances of a case such as this", after noting criticism of the *Kenrose* decision by several commentators; *Rosario v. American Export-Isbrandtsen Lines, Inc.,* 531

In *Revere Copper and Brass, Inc. v. Aetna Casualty & Surety Co.,* 426 F.2d 709 (5th Cir. 1970), this Court dealt with a related but distinctly different situation than that presented by the instant case. There the Court considered the necessity of an independent ground of federal jurisdiction to support a third-party defendant's claim against the plaintiff and held that no such independent ground was required. Acknowledging the dissimilarity between the *Revere* situation and the one *sub judice,* the Court noted:

> Suffice it to say that the two situations are the converse of each other only superficially and that there are differences which militate against identical treatment. First of all, the plaintiff has the option of selecting the forum where he believes he can most effectively assert his claims, he has not been involuntarily brought to a forum, faced with the prospect of defending himself as best he can under the rules that forum provides, or defending himself not at all. Since a plaintiff could not initially join a non-diverse defendant, it is arguable he should not be allowed to do so indirectly by way of a fortuitous impleader. Moreover, there is the possibility, whether real or fanciful, of collusion between the plaintiff and an overly cooperative defendant impleading just the right third party. Whatever the merit or demerit of these reasons, they point to a sufficient difference to require that the application of ancillary jurisdiction to each type of claim must be decided separately. Consequently, this decision is to be strictly limited to the precise question decided. [references to footnotes omitted]. 426 F.2d 709, 716.

Also see *id.,* n. 9.[12]

■ The problem alluded to in *Revere* now squarely faces this Court and is ripe for decision. The authorities and cases cited above convince this Court that an independent ground of jurisdiction is necessary in order to support plaintiff's claim against the third-party defendant. No questions of federal law are involved in either the original action or in plaintiff's action against the

F.2d 1227 (3rd Cir. 1976); *Saalfrank v. O'Daniel v. Parkview Memorial Hospital, Inc.,* 533 F.2d 325 (6th Cir. 1976), reluctantly followed *Kenrose,* stating: "Since the Supreme Court has not spoken on this important jurisdictional question, we are not disposed to adopt an inflexible rule of general application. However, we have no hesitancy in concluding that the district court abused its discretion in permitting [plaintiff] to recover from [third-party defendant] in the present case. This case was peculiarly unsuitable for the exercise of ancillary jurisdiction over the claim of [plaintiff] against [third-party defendant]." *Id.* at 330.

12. In *Rollins, Inc. v. General Insurance Co. of America v. Martin and Adams, et al.,* Case No. C 74-1888 A (D.C.Ga.), plaintiff, Rollins, brought an action based on diversity jurisdiction against the defendant, General Insurance, a maker of a performance bond by which defendant guaranteed that Martin and Adams Construction Company would construct a building for plaintiff. Defendant filed an answer and a third-party complaint against Martin and Adams Construction Company and others alleging that the third-party defendants had agreed to indemnify the third-party plaintiff for all loss and expense incurred by reason of having executed the bond. The third-party defendants answered the third-party complaint and the original complaint and also filed what they called a counterclaim against plaintiff, *Rollins.* Thereafter, the plaintiff answered the counterclaim and filed a direct claim against the third-party defendants. Noting that diversity did not exist between plaintiff and the third-party defendants, the district court *sua sponte* raised the question of jurisdiction, held a hearing, and studied briefs of counsel. Applying *Revere,* the court determined that it had jurisdiction over the counterclaim asserted by the third-party defendants against the plaintiff but that it lacked jurisdiction over plaintiff's claim against the third-party defendants. Although plaintiff's claims against the third-party defendants amounted to compulsory counterclaims, the district court noted that, in situations like *Rollins,* the overwhelming weight of authority demands an independent ground of jurisdiction for plaintiff's action against the third-party defendant and further, that these claims were already being litigated in state court in an action filed by the third-party defendant against the plaintiff. Thus the court entered an order on July 29, 1975 sustaining third-party defendants' counterclaim against plaintiff and striking "so much of the plaintiff's response to the third-party's counterclaim against the plaintiff as amounts to a counterclaim against the third-party defendants."

third-party defendant. The basis of jurisdiction in the original complaint is diversity, but no diversity exists between the plaintiff and the third-party defendant. Neither is there any other basis for the federal court's assertion of jurisdiction over plaintiff's direct claim against the third-party defendant. This is not a situation where the same plaintiff and defendant seek to join a state claim with a federal claim. Although it is true that the defendant-third-party plaintiff has already brought in the third-party defendant, the defendant-third-party plaintiff had no choice as to forum, and neither did the third-party defendant. Not only did plaintiff have its choice of forum, but in fact it could and did file the same action in state court. The Constitution, statutes, rules of procedure, judicial precedent and public policy dictate that this Court not broaden the jurisdiction of the federal courts any more than that clearly permitted by law. Therefore, this Court concludes that an independent basis of jurisdiction is necessary for a plaintiff in a diversity action to assert a non-federal claim against a non-diverse third-party defendant. Accordingly, the order entered by the district court denying the dismissal of such claim is reversed. The case is remanded for the entry of an order granting B & B's motion to dismiss the plaintiff's claim against it.