Albert VERRET, Plaintiff-Appellant,

v.

ELLIOT EQUIPMENT CORP., et al.,
Defendants-Appellees.

No. 83–4745
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

June 14, 1984.

Keaty & Keaty, Robert B. Keaty, Lafayette, La., for plaintiff-appellant.

Voorhies & Labbe, Gregory K. Moroux, Lafayette, La., for Delta Services Industries, etc.

Vincent P. Fornias, Baton Rouge, La., for Fulton Ind., JLG Ind., and Hartford.

Before BROWN, TATE, and HIGGINBOTHAM, Circuit Judges.

TATE, Circuit Judge:

The narrow issue before us on the plaintiff Verret's appeal is whether the district court abused its discretion in denying Verret's motion under Fed.R.Civ.P. 60(b) to vacate a prior unopposed judgment that had dismissed his suit for lack of subject matter jurisdiction. We affirm.

I.

Based on diversity jurisdiction, 28 U.S.C. § 1332(a)(1), the plaintiff Verret, a Louisiana domiciliary, sued various foreign corporations for damages on a products liability claim. By one of his subsequent complaints, Verret joined as a codefendant a Louisiana corporation, *i.e.*, a non-diverse party. Consequently, complete diversity no longer present, *Owen Equipment & Erection Company v. Kroger*, 437 U.S. 365, 373–77, 98 S.Ct. 2396, 2402–07, 57 L.Ed.2d 274 (1978); *Fawvor v. Texaco*, 546 F.2d 636, 642–43 (5th Cir.1977), some of the defendants filed a motion to dismiss the suit for lack of subject matter jurisdiction. By a letter to the district judge, the contents of which will be set forth below, Verret voiced no objection to the grant of this motion "without prejudice."

Accordingly, the district court granted the defendants' motion to dismiss for lack of subject matter jurisdiction. *No appeal was taken from this dismissal.*

Nearly a month later, Verret filed his Rule 60(b) motion praying for vacation of this dismissal, in order to allow him to dismiss the non-diverse party and restore federal diversity jurisdiction. Under Louisiana prescription (time-bar) law, Verret was required to commence suit in "a court of competent jurisdiction," La.Civ.Code art. 3462,[1] within a year of the injury, or—if suit was commenced in an *in*competent court—to have the defendant served within the prescriptive year, *id.* Verret had relied upon the timely filing of the present federal suit to interrupt prescription as to a state suit filed against the same defendants after the prescriptive year had passed. However, following dismissal of the federal suit (because filed in a court without subject matter jurisdiction), the defendants

---

1. La.Civ.Code art. 3462 (1982) provides:

Prescription is interrupted when the owner commences action against the possessor, or when the obligee commences action against the obligor, in a court of competent jurisdiction and venue. If action is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period.

had moved to dismiss the state suit on the basis that prescription had not been interrupted by the timely-filed federal suit (in a court of *in* competent jurisdiction, however), because service therein was not made until after the prescriptive year had expired.[2]

The plaintiff Verret appeals from the denial of this Rule 60(b) motion.

## II.

 As stated initially, the narrow issue presented is whether the district court abused its discretion in denying the Rule 60(b) motion. For the most part, the effort of Verret is to have this court determine whether the federal district court was one of "competent jurisdiction" up until its dismissal of his complaint. While we think that there is little question but that the district court had diversity jurisdiction of the suit at least up until the joinder of the non-diverse defendant, the determination of whether that court was a court of "competent jurisdiction" for purposes of the time-bar provided by La.Civ.Code art. 3462 (*see* note 1, *supra*) is not a matter before us for decision on this appeal from the denial of Verret's Rule 60(b) motion and, under present circumstances, is more properly to be addressed by the state courts.

 In moving for vacation of the judgment of dismissal pursuant to Rule 60(b)(6), in the district court Verret relied solely upon reasons based upon his letter to the district court in response to the defendants' motion to dismiss, a copy of which was sent to opposing counsel. The letter stated that:

> Inasmuch as we have to join an additional defendant other than Delta Services, who is without question a citizen of the state of Louisiana, it appears that the defendants' current motion is moot and that we can voluntarily agree to dismiss this captioned matter without prejudice.

> By copy of this letter we are notifying Mr. Moroux and Mr. Fornias [counsel for

the defendants] and would ask that the court simply dismiss this matter without prejudice pursuant to agreement among counsel inasmuch as the new party who will be added, the distributor of the fork lift, High Reach Company, is not diverse.

On appeal, Verret advances various other contentions of error or abuse of discretion, but we shall not consider them—although, insofar as federal issues are presented, we would find no merit to them—on the familiar rule that an appellate court will not consider contentions raised for the first time on appeal.

 In support of his Rule 60(b) motion in the district court, Verret solely argued that the dismissal should have been set aside as unjust since it was entered contrary to an alleged agreement among counsel for the parties. According to Verret's counsel, this "agreement" was expressed in an ex parte letter written by him to the district court, quoted above, which had stated that "it appears ... that we can voluntarily agree to dismiss this captioned matter without prejudice." Because the dismissal for lack of subject matter jurisdiction had prejudicial consequences in state court, Verret contends that the dismissal was effectively "with prejudice" and, thus, was inconsistent with the "agreement" among counsel.

Verret claims that therefore the district court abused its discretion in denying his Rule 60(b) motion. We are unable to agree.

As an initial matter, the record contains no evidence of any "agreement" among counsel as to an agreed upon disposition of the defendants' motion to dismiss for lack of subject matter jurisdiction. While the record does show the letter to the district court by Verret's counsel expressing *his* expectation that the suit could be dismissed without prejudice, and that copies were sent to opposing counsel, that letter contains no indication that the defendants or

---

**2.** It is not clear from the record before us whether the state court has acted upon the prescription question posed by the defendants in that court. The resolution of that question, however, has no bearing upon our consideration of the narrow issues raised by this appeal.

their counsel agreed with its contents or otherwise had joined in the representations made therein. Thus, we can find no basis in the record for the plaintiff's allegations of an "agreement" among counsel.

■ Moreover, the hub of Verret's argument in this regard is that the dismissal was unjust because it was "with prejudice" rather than "without prejudice."[3] Here, Verret's claim fails in its premise. Nowhere in the district court's order of dismissal does that court state that the dismissal was entered "with prejudice." As the district court apparently understood, it would be inappropriate to enter any judgment on the merits when the dismissal is based on lack of subject matter jurisdiction. *Stanley v. Central Intelligence Agency*, 639 F.2d 1146, 1157 (5th Cir.1981).

■ Verret's counsel appears to argue that the dismissal was tantamount to a dismissal "with prejudice" because of the prejudicial consequences of the dismissal in state court, *i.e.*, that the prescriptive period in state court was not timely interrupted because the federal diversity suit was not filed within the prescriptive period in a court of "competent jurisdiction." *See* La. Civ.Code art. 3462, note 1, *supra*. Whatever the state court consequences of the federal court's dismissal for lack of subject matter jurisdiction may be, however, a dismissal for lack of subject matter jurisdiction in federal court is *not* on the merits and therefore is not with prejudice with regard thereto. *See Stanley v. Central Intelligence Agency, supra*, 639 F.2d at 1157.

■ Relief from judgment pursuant to Rule 60(b) is a matter directed to the sound discretion of the trial court, reviewable only for an abuse of discretion. *Alvestad v. Monsanto Co.*, 671 F.2d 908, 912 (5th Cir.), *cert. denied*, 459 U.S. 1070, 103 S.Ct. 489, 74 L.Ed.2d 632 (1982). Under the present circumstances, for the reasons stated, we cannot find that the district court abused its discretion by denying the plaintiff Verret's Rule 60(b) motion to set aside the dismissal for lack of subject matter jurisdiction.[4]

*Conclusion*

Because we find no abuse of discretion in the district court's denial of the plaintiff's Rule 60(b) motion to set aside the judgment of dismissal, we AFFIRM the judgment of the district court.

AFFIRMED.

---

**3.** Although again this is a matter for state-law determination, we note that, even if the district court had added "without prejudice" to this judgment that Verret had "voluntarily agree[d] to dismiss," *see* letter quoted in text, La.Civ.Code art. 3463 (1982) provides: " * * * Interruption [of prescription] is considered never to have occurred if the plaintiff abandons, voluntarily dismisses, or fails to prosecute the suit at the trial."

**4.** It appears that if Verret's counsel's expectations of the consequences of the dismissal for lack of subject matter jurisdiction in federal court were defeated, it was due solely to the defendant's state court motion to dismiss the state court suit as time-barred. Of course, it is not appropriate for us to discuss the merits of this issue of Louisiana law. We merely note, however, that the plaintiff's dissatisfaction with the adverse effects of any state court action is more properly a matter to be pursued in the state courts, and not as a ground for an abuse of discretion by the district court.