# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 7, 2011

Lyle W. Cayce
Clerk

No. 10-10961
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

VINCENT JOHN BAZEMORE, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:07-CR-312-1

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Vincent John Bazemore, Jr., federal prisoner # 37160-177, pleaded guilty to securities fraud and was sentenced to 60 months of imprisonment, three years of supervised release, and the payment of $ 15,761,581.11 in restitution. He now moves this court for leave to proceed in forma pauperis (IFP) in his appeal of the district court's denial of his motion to set aside the district court's orders to seize certain property in satisfaction of the restitution imposed.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-10961

By moving for IFP here, Bazemore is challenging the district court's certification that his appeal was not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); FED. R. APP. P. 24(a). He does not argue, as he did in the district court, that the seizures of the listed property were improper. Accordingly, he has abandoned the issue. *See Hughes v. Johnson*, 191 F.3d 607, 612-13 (5th Cir. 1999).

Bazemore instead contends for the first time on appeal that (1) the restitution order was illegal under the Mandatory Victim Restitution Act because it ordered restitution for the conduct of an entire conspiracy of which he was not a part and to which he did not plead guilty, rather than solely for his own conduct; and (2) his guilty plea was involuntary because the district court did not inform him of the amount of the restitution. He concedes that he did not raise these issues in the district court, but he argues that they may be reviewed for plain error on appeal.

To the extent that Bazemore's motion to set aside was civil in nature, Bazemore may not raise a new issue for the first time on appeal. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999); *Verret v. Elliot Equip. Corp.*, 734 F.2d 235, 237 (5th Cir. 1984). To the extent that Bazemore's appeal is an indirect criminal appeal, this court will not consider these new claims because the motion at issue in this appeal challenged only the district court's issuance of a writ of execution and the ensuing seizures of specific property, rather than the judgment of conviction or order of restitution. *Cf. Connors v. Graves*, 538 F.3d 373, 377 (5th Cir. 2008)

Additionally, to the extent that Bazemore's claims may be liberally construed as a motion for this court's authorization to file a successive 28 U.S.C. § 2255 motion, he has not shown that he was entitled to such authorization because he has not made a prima facie showing that his proposed § 2255 motion relies on either (1) "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and

No. 10-10961

convincing evidence that no reasonable factfinder would have found the movant guilty of the offense" or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. §§ 2255(h), 2244(b)(3)(C).

In light of the foregoing, Bazemore's IFP motion fails to show error in the district court's certification decision and fails to show that he will raise a nonfrivolous issue on appeal.  *See Baugh*, 117 F.3d at 202; *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).  Therefore, Bazemore's motion for leave to proceed IFP on appeal is denied and his appeal is dismissed as frivolous.  *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

IFP DENIED; APPEAL DISMISSED.