**Gatha Banks HARRIS, etc., Appellant,**

v.

**ILLINOIS CENTRAL RAILROAD CO. et al., Appellees.**

**No. 15148.**

United States Court of Appeals, Fifth Circuit.

April 6, 1955.

H. Alva Brumfield, Fred G. Benton, Sr., Baton Rouge, for complainant-appellant.

H. Payne Breazeale, Sr., Wilson B. Holcombe, Calvin E. Hardin, Jr., A. M. Curtis, Baton Rouge, La., for appellees.

Powell A. Casey, John M. Carville, Baton Rouge, La., for Esso Standard Oil Co.

Durrett & Hardin, Baton Rouge, La., for American Employers Ins. Co.

Breazeale, Sachse & Wilson, Baton Rouge, La., for Illinois Cent. R. Co.

Before HOLMES and RIVES, Circuit Judges, and WRIGHT, District Judge.

HOLMES, Circuit Judge.

This action is for the wrongful death of the deceased, who was killed by a train that passed over his body, while he was lying prostrate between the rails and in a manifestly helpless condition, in the Parish of East Baton Rouge, Louisiana. The complaint as originally filed was for damages resulting to the widow of the deceased and two named children born of the marriage. The plaintiff sued for damages in the sum of $50,000 for herself and the two children; but, at the beginning of the trial, she attempted to dismiss as to all demands except for support of the children. With that re-

quest denied, all demands except for support of the children were abandoned by declaration of the plaintiff's attorney.

■ The cause having been tried in part before a jury, and the defendant having moved for dismissal thereof for lack of jurisdiction, the court granted said motion, and dismissed the complaint because of the absence of an amount in controversy in excess of $3,000, exclusive of interest and costs. We see no reason why the widow and mother should not have been permitted to renounce all demands due her, disclaim all personal interest in the suit, and dismiss the same as to her personally and individually, while continuing to prosecute the suit as tutrix or next friend of the minor children, Leroy Harris and Alice Mae Harris, who were born on July 12, 1948, and July 16, 1950, respectively. Considering this as having been done and looking solely to the value in controversy of the children's interest, we think that the court below was not justified in dismissing the complaint for want of jurisdiction.

■ The proper amount of damages to be sued for in this case cannot be mathematically fixed in advance of the trial; and, for federal jurisdictional purposes, it must be estimated in good faith, since federal jurisdiction depends solely upon diversity of citizenship between the parties. The law of Louisiana, on grounds of public policy, forbids the question of the legitimacy of these children to be raised in this proceeding, either on the merits or on the issue as to federal jurisdiction. Articles 179, 184, and 191 of the Louisiana Statutes Annotated–Civil Code.

■ Article 227 of said code makes it an obligation of the father to support his child, and the value of the mere right that a minor has to support by his father is a question for the jury in the federal court. One of these children was less than a year old, and the other less than three years old, at the time of the death of their father. Under ordinary circumstances, the legal right of such minors to claim support from their father could easily in good faith be valued at more than three thousand dollars, and the evidence relied upon by the appellees to reduce this amount goes to their alleged illegitimacy, and tends to overcome the presumption of the deceased being their father. Much of this evidence is claimed to be and probably is incompetent, and we are asked to so rule; but we decline to do so with particularity, because that is a matter primarily for the trial court, and the issues as to the relevancy, materiality, and competency, of such evidence have not been sufficiently developed to enable us to rule thereon intelligently. A valid defense in diminution of the amount claimed does not necessarily diminish the amount that is or may be claimed in good faith by the plaintiff. The plaintiff may not arbitrarily name an excessive figure above the jurisdictional amount; but, in view of the dispute in this case over the admissibility of evidence with reference to the proper amount of damages, the court was not justified in saying that there was no reasonable factual basis upon which to base an apparently bona fide claim of more than $3,000 for the alleged wrongful death of the deceased. Burks v. Texas Co., 5 Cir., 211 F.2d 443.

■ In St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 58 S.Ct. 586, 590, 82 L.Ed. 845, the court said that the rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. "It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal."

The judgment appealed from is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed.