Louis G. SHERMAN, Jr., and Randolph W. Commins, Executors of the Estate of Louis G. Sherman, Sr., etc., Plaintiffs-Appellees,

v.

UNITED STATES of America, Defendant-Appellant.

No. 72–1465

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

July 17, 1972.

---

* [1] Rule 18, 5 Cir.; See Isbell Enterprises Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Scott P. Crampton, Asst. Atty. Gen., Daniel B. Rosenbaum, Meyer Rothwacks, Attys., Tax Div., Dept. of Justice, Washington, D. C., John W. Stokes, Jr., U. S. Atty., Julian M. Longley, Jr., Asst. U. S. Atty., Atlanta, Ga., for defendant-appellant.

Hugh Gibert, Atlanta, Ga., for plaintiffs-appellees.

Before BELL, DYER and CLARK, Circuit Judges.

DYER, Circuit Judge:

■ At the non-jury trial of this estate tax case the Government's motion to amend the court-approved pretrial order to raise the issue of the valuation of a claimed deduction from the gross estate was denied. Being of the view that the amendment should have been permitted, we reverse and remand for a trial of the valuation issue. We affirm the district court's judgment, 334 F.Supp. 1311, based upon its finding, that the estate's obligation, under a separation agreement, to pay the wife a monthly sum until her death or remarriage, was supported by adequate and full consideration in money or money's worth and was deductible for tax purposes.

The decedent and his wife were separated in 1962, approximately two years prior to his death. They entered into a separation agreement which provided, *inter alia,* that the husband pay the wife $1500 a month as alimony and for maintenance and support, until her death or remarriage. It further provided that should the husband predecease the wife, the payments were to be continued by his estate. The agreement referred to the husband's previously established irrevocable inter-vivos trust under which the trustees had full discretionary power to distribute the principal and income of the trust to the wife, or to the decedent's lineal descendants, or to accumulate the trust income. The agreement also recited the obligation of the husband to establish in his Will a testamentary trust and directed that the trustees be required to distribute each month to the

wife, from the income or corpus of the testamentary trust, the difference between the amount distributed from the inter-vivos trust, and $1500.

The decedent died in 1964, survived by his wife. When the estate tax return was filed, the executors deducted from the gross estate the commuted value of a promise to pay $1500 a month to a woman of the wife's age until her death or remarriage. The Commissioner disallowed the deduction and assessed a deficiency. The deficiency was paid by the taxpayer and a claim for refund was filed. This was denied by the Commissioner, precipitating this suit for refund.

The district court entered a pretrial order agreed to by the attorneys for both parties, which raised only the issue of the adequacy of the consideration for the support obligation under Sections 2043 and 2053(c)(1)(A) of the Internal Revenue Code of 1954. In deciding the stipulated issue, the court held that the consideration for the husband's obligation to pay $1500 a month to the wife until death or remarriage was the relinquishment by the wife of her support rights, which unlike "marital rights" such as dower and the like, qualified under §§ 2043 and 2053 of the Code as full and adequate consideration.

■■ We cannot say that this finding is clearly erroneous. Under Georgia law the wife's right to support may be satisfied by periodic payments or given to her in a lump sum or by an interest in the husband's property. Bateman v. Bateman, 1968, 224 Ga. 20, 159 S.E.2d 387; Harper v. Harper, 1965, 220 Ga. 770, 141 S.E.2d 403. The husband's gross income of over $50,000 in the year of separation, the high standard of living of the husband and wife, the good state of health of both parties in spite of their ages of 69 and 70 years, and the fact that they had been married over 45 years, fully support the district court's finding that the obligation of the estate under the agreement was in consideration of the wife's relinquishment of support rights and not of her property or

estate rights. We agree with the taxpayers that the hindsight knowledge that the husband died first is irrelevant to the value of the wife's support rights and thus to the adequacy of consideration.

At trial the Government attempted to raise a second issue. It moved to amend the pretrial order to permit proof that the value of the decedent's estate's obligation was uncertain and unascertainable, and hence nondeductible, because of the contingent nature of the obligation—the trustees of the inter vivos trust had complete discretion to distribute $1500 a month to the wife leaving the testamentary trustees with no obligation whatsoever. The court denied the motion as untimely, finding that this issue had not been raised in either the adopted pretrial order or the stipulation of counsel.

The Government claims that the court erred in finding that valuation was not mentioned in the pretrial order. This contention is without merit. This does not, however, determine the appropriateness of the denial of the motion to amend the pretrial order.

The trial judge is vested with broad discretion to preserve the integrity and purpose of a pretrial order. Basically, these orders and stipulations, freely and fairly entered into, are not to be set aside except to avoid manifest injustice. Fed.R.Civ.P. 16. However, in the interest of justice and sound judicial administration, an amendment of a pretrial order should be permitted where no substantial injury will be occasioned to the opposing party, the refusal to allow the amendment might result in injustice to the movant, and the inconvenience to the court is slight. *See* Central Distributors, Inc. v. M.E.T., Inc., 5 Cir. 1968, 403 F.2d 943, 946; Henry v. Commissioner of Internal Revenue, 5 Cir. 1966, 362 F.2d 640, 643; Laird v. Air Carrier Engine Service, Inc., 5 Cir. 1959, 263 F. 2d 948.

In this non-jury case, we think it was especially appropriate to have permitted the amendment. The documents introduced by and upon which the taxpayers relied to meet their burden of establishing entitlement to the disputed deduction directly raised the issue of whether the estate's obligation could have been fully discharged by the actions of the inter vivos trustees, and thus the taxpayers may have been allowed a deduction to which *their* evidence indicated they may not be entitled. Under these circumstances, the district court abused its discretion in refusing modification of the pretrial order. Since the district court did not reach this issue, the cause will be remanded so that the taxpayers may present additional evidence as to the valuation of the estate's obligation. We, of course, express no views concerning the merits of this issue.

Affirmed in part, reversed in part, and remanded with directions.