**FAIRWAY CONSTRUCTION COM-
PANY, Plaintiff-Appellant,**

v.

**ALLSTATE MODERNIZATION, INC.,
Defendant-Appellee.**

**FAIRWAY CONSTRUCTION COM-
PANY, Plaintiff-Cross-Appellee,**

v.

**ALLSTATE MODERNIZATION, INC.,
Defendant-Cross-Appellant.**

**Nos. 73-1757 and 73-1758.**

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 7, 1974.

Decided April 26, 1974.

Irving M. Weiner, Southfield, Mich., for plaintiff-appellant; Arnold S. Weintraub, Weiner, Basile & Weintraub, Southfield, Mich., on brief.

Ralph M. Burton, Burton & Parker, Detroit, Mich., for defendant-appellee.

Before PHILLIPS, Chief Judge, PECK, Circuit Judge, and McALLISTER, Senior Circuit Judge.

PER CURIAM.

Plaintiff-appellant perfected this appeal from an order entered by the district court granting defendant-appellee's motion for summary judgment, and appellee perfected a cross-appeal from an order denying its motion for an award of attorneys' fees against appellant.

The litigants herein are home improvement contractors operating in the Detroit, Michigan, area. In November of 1971 appellant instituted this action alleging that appellee's construction of second story dormers in existing single story dwellings infringed appellant's United States Patent No. 3,089,201. The patent was issued on May 14, 1963, on a continuation in part application filed on August 28, 1961. Basically, the patent shows how a low ceilinged attic of a single story dwelling can be enlarged into useful living space by cutting an opening in the roof inwardly from the walls of the house and building into the opening a dormer addition having a floor, walls and a roof, and not limited in elevation by the original ridge. The patent provides for the insertion of separate and higher joists for the dormer floor to rest on in order to relieve the stress on the joists from which the ceiling below is suspended. The unique feature of the patent, ac-

cording to appellant, is the method of construction which it proposes. The patented method provides that bearing blocks be placed on the existing lower walls, floor joists laid on the bearing blocks, and thereafter, the walls and roof of the dormer constructed.

The district court granted a motion for summary judgment in favor of appellee on the basis of an article in the magazine, "The American Builder," which shows the construction of an identical dormer, and which is dated more than two years prior to the filing of the patent application. In the words of the court, "[T]he drawings in the article are identical with the drawings in the patent." The court further found that a stipulation[1] entered into by the parties established that the method of construction illustrated in the magazine article was the same method used in constructing the dormer in the patent. On the strength of these findings, the court held the patent invalid under 35 U.S.C. §§ 102(b) & 103.[2]

Appellant, while not conceding that the article describes an identical dormer, places greater emphasis upon its contention that the district court erroneously used the stipulation as a basis for concluding that the method of construction provided in the patent was obvious. This assertion is based on three different theories: (1) that the stipulation was not entered into for the purpose used; (2) that it states a fact contrary to physical law and should therefore be disregarded; and (3) that appellant should be relieved from its operation because it worked a manifest injustice against appellant. In reference to the first theory, we note that there is no limitation on the use or application of the stipulation on its face or in the record of events leading up to the stipulation. Further, appellant has cited no authority to indicate that a general stipulation may be limited in application because it does not serve a party as well as expected. "When a man, or a witness, or an applicant for a patent, without knowing how it is going to affect his interest, makes a statement which he later attempts to deny when he has found it is against his interest, he will not be believed unless he produces convincing proof of his later assertion." In re Ruff and Dukeshire, 45 C.C.P.A. 1037, 256 F.2d 590, 596 (1958).

The stipulation states that "it is physically impossible to lay down end bearing blocks . . . and . . . floor joists . . . *after* the dormer room walls and/or roof are constructed . . . ." A supporting affidavit of a registered architect produced by appellee states that "it would be absolutely impossible to build the walls first and lay down the higher floor joists after the walls are built." Appellant's only suggestion pertaining to a different method of constructing the dormer in question is the possibility of building

1. The stipulation, in pertinent part reads as follows:
"4. Since it is physically impossible to lay down end bearing blocks on the upper edges of the lower floor walls and to thereafter lay down floor joists on such blocks as recited in both claims of patent 3,089,201 *after* the dormer room walls and/or dormer roof are constructed, therefore, any dormer addition structure which includes end bearing blocks lying on the upper edges of the lower floor walls and floor joists lying on such blocks having their upper edges above the upper edges of the existing ceiling joists infringes the claims of said patent, if such claims are valid."

2. 35 U.S.C. § 102(b) states that a person shall be entitled to a patent unless "the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of the application for the patent in the United States . . . ."

35 U.S.C. § 103 provides that "[a] patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made."

the walls and roof and *thereafter* laying the bearing blocks and joists upon which the walls bear. As appellee's expert further stated, the walls of the dormer "cannot be erected hanging in the air." If the new floor joists are to be higher than the ceiling joists of the floor below, they must be laid before the walls are built because the walls bear on the higher joists. The stipulation clearly does not state a fact contrary to physical law.

Appellant's final argument is that the stipulation, entered into by an attorney, not an engineer, worked a hardship on appellant, and this court should relieve appellant from the burden of its statements to prevent an injustice. We recognize an appellate court's ability to relieve a party from the operation of a stipulation. Swift & Co. v. Hocking Valley R. Co., 243 U.S. 281, 37 S.Ct. 287, 61 L.Ed. 722 (1917). However, the general rule is that stipulations entered into freely and fairly are not to be set aside except to avoid manifest injustice. Sherman v. United States, 462 F.2d 577 (5th Cir. 1972); Fenix v. Finch, 436 F.2d 831 (8th Cir. 1971). The instant stipulation was freely and fairly entered into and we cannot say that it worked a manifest injustice upon appellant.

In light of the above, it is clear that the district court's finding of invalidity was not erroneous. The patent failing, summary judgment in favor of appellee was correctly entered.

On the cross appeal, appellee complains that the district court erroneously denied its application for an award of attorneys' fees. 35 U.S.C. § 285 provides, "The court in exceptional cases may award reasonable attorney fees to the prevailing party." The application of the statutory provision for attorneys' fees is discretionary with the district court. Uniflow Mfg. Co. v. King-Seeley Thermos Co., 428 F.2d 335 (6th Cir. 1970). We find no abuse of discretion herein.

The judgment of the district court is in all respects affirmed.