Antonios **CHATZICHARALAMBUS** et al., Plaintiffs,

v.

Allen **PETIT** et al., Defendants.

No. 76–351.

United States District Court, E. D. Louisiana.

April 15, 1977.

Jarrell E. Godfrey, Jr., Gerald Wasserman, New Orleans, La., for plaintiffs.

Robert P. Hogan, Metairie, La., for defendant.

ALVIN B. RUBIN, District Judge:

Plaintiffs' motion to modify a pre-trial stipulation raises two issues: Should the plaintiffs be relieved of a voluntary stipulation by which they may have inadvertently deprived the court of jurisdiction over their claims against two of the three defendants in this case; and, if they are not relieved, and in view of the fact that the case proceeded to judgment against those defendants before the jurisdiction issue was resolved, is the court required to vacate that judgment if the sole basis for retaining the defendants is the exercise of pendent jurisdiction?

I

On November 21, 1975, an automobile owned by the St. Charles Parish Sheriff's

Department and operated by its deputy, Allen Petit, struck and killed a pedestrian, Kosmas Chatzicharalambus. The decedent's parents invoked the court's alienage jurisdiction, 28 U.S.C. § 1332(a)(2) and filed this wrongful death action against Deputy Petit; Julius Sellers, Sheriff of the Parish of St. Charles; the St. Charles Parish Sheriff's Office;[1] and their liability insurer, Dixie Auto Insurance Company (Dixie Auto).

The Dixie Auto insurance policy covering Deputy Petit provides a liability limit of $10,000.[2] Additionally, Sheriff Sellers has a policy of excess insurance in the amount of $90,000 with Early American Insurance Company. However, LSA R.S. 33:1433 provides in pertinent part:

> [N]o sheriff of any parish of this state, nor his sureties, shall be liable for any act or tort committed by one of his deputies, or by any person commissioned as a deputy sheriff by him, beyond the amount of the bond or limits of liability insurance furnished by the said deputy sheriff, unless said deputy sheriff in the commission of said act or tort, acts in compliance with a direct order of, and in the personal presence of, the said sheriff, at the time the act or tort is committed . . .

Because Deputy Petit's liability insurance was only in the amount of $10,000, Sheriff Sellers could not be held liable for more than that amount. Additionally, because Dixie Auto's policy provided only $10,000 coverage, it could not be liable for more than that amount. Accordingly, on a Friday afternoon three days before trial, plaintiffs and defendants filed a stipulation providing:

> In the event of a finding of liability on the part of Deputy Allen Petit, the said liability, if any, of former Sheriff Julius Sellers shall not exceed the sum of $10,000.

On the next Monday morning, the day the trial was to commence, the court noticed what the parties had apparently overlooked: limiting the liability of Sheriff Sellers and Dixie Auto to $10,000 may have deprived the court of jurisdiction over those two defendants under 28 U.S.C. § 1332, for the matter in controversy as to them would not exceed $10,000 exclusive of interest and costs as required by that statute.[3]

Upon the court's inquiring of counsel concerning the possible consequences of the stipulation, the defendants made an oral motion to dismiss Sheriff Petit and Dixie Auto from the case, and plaintiffs moved to be relieved of the stipulation. Because witnesses and jurors had been called to court, and because the crowded nature of the court's docket and the inconvenience to all involved precluded a last minute continuance, the court reserved ruling on these oral motions until after trial.[4] The serious issues thus raised concerning pendent jurisdiction and the law governing release required additional time for research and consideration.

---

1. As noted in the January 7, 1977, order of this court, there is no such legal entity as the Sheriff's Department or Sheriff's Office. Under the Louisiana Constitution, the Sheriff is an elected official. Art. V, § 27, Louisiana Constitution of 1974. The office he operates does not appear to be a separate entity. Hence, the reference to this defendant is meaningless.

2. See pretrial stipulation, # 6.

3. If, prior to entering into the stipulation, plaintiff had a good faith claim against both defendants for damages exceeding that threshold amount, jurisdiction would not be divested by the stipulation. "Subsequent events, 'whether beyond the plaintiff's control or the result of his volition' cannot destroy the court's jurisdiction once it has been acquired." Wright & Miller, Federal Practice & Procedure, § 3702. "A valid defense in diminution of the amount claimed does not necessarily diminish the amount that is or may be claimed in good faith by the plaintiff." *Harris v. Illinois Cent. R.R. Co.,* 5th Cir. 1955, 220 F.2d 734, 736. However, there is some question whether, at the outset of the lawsuit, La. R.S. 33:1433 would preclude a "good faith" claim for more than $10,000, so the doctrine of the good faith claim is too weak to rely upon here.

4. The motion to dismiss was denied without prejudice; the failure to grant the motion is now before the court as part of a motion for judgment notwithstanding the verdict and for a new trial.

The case proceeded to trial against all the defendants, and the jury found for each plaintiff in the amount of $42,500. Defendants contend that this judgment cannot be enforced against Dixie Auto or Sheriff Sellers because the court lacked jurisdiction over them and over the claims against them. Plaintiffs contend that they should be relieved from the burden of their stipulation and, alternatively, that both of these parties and the claims against them were properly before the court under its pendent jurisdiction. For reasons indicated below, plaintiffs ought to be bound by the stipulation. However, neither the Constitution nor prevailing jurisprudence requires that the judgment against these two defendants be vacated and the plaintiffs forced to relitigate their claims in another forum.

## II

■ Generally, stipulations entered into freely and fairly are not to be set aside except to "prevent manifest injustice." Rule 16, F.R.Civ.P.; *Fairway Construction Co. v. Allstate Modernization, Inc.*, 6th Cir. 1974, 495 F.2d 1077; *U.S. v. Harding*, 10th Cir. 1974, 491 F.2d 697; *Sherman v. U.S.*, 5th Cir. 1972, 462 F.2d 577; *Central Distributors, Inc. v. M.E.T., Inc.*, 5th Cir. 1968, 403 F.2d 943; *Logan Lumber Co. v. C.I.R.*, 5th Cir. 1966, 365 F.2d 846; *Henry v. C.I.R.*, 5th Cir. 1966, 362 F.2d 640. See also *Fenix v. Finch*, 8th Cir. 1971, 436 F.2d 831 ("only under exceptional circumstances"): *Ehlers v. Vinal*, 8th Cir. 1967, 382 F.2d 58 ("only under exceptional circumstances").

> It is a general rule that a trial court may, in the exercise of judicial discretion, upon proper cause shown, relieve a party from a stipulation entered into in the course of a judicial proceeding when on the one hand it appears that such relief is necessary to prevent manifest injustice to the party seeking it, and on the other hand that granting of relief will not place the adverse party at any disadvantage by reason of having acted in reliance upon the stipulation entered into.

Anno.—Relief from Stipulations, 161 A.L.R. 1161, 1162. If a party fails to seek relief from a stipulation until after trial has begun, that factor does not preclude relief, but it must be considered. *Stahlin v. Hilton Hotels Corp.*, 7th Cir. 1973, 484 F.2d 580.

Plaintiffs contend that the prejudice against them is two-fold. First, if the stipulation is enforced, plaintiffs would be forced to relitigate their claims in another forum if they wished to secure a judgment against the Sheriff and Dixie Auto. Additionally, plaintiffs contend that, by restricting the Sheriff's liability to $10,000, the stipulation would preclude coverage of the Deputy under the excess insurance policy.

Plaintiffs are correct that, in determining whether the Sheriff *may* be liable for more than the $10,000 stipulated, the court must decide whether the Deputy is insured by the excess insurer, even though the excess insurer is not a party to this litigation. If the Deputy is insured only by the primary insurer, and in the amount of $10,000, then La.R.S. 33:1433 limits the Sheriff's liability to that amount. If the Deputy is insured by the excess as well, then the Sheriff may be liable to that extent.

■ Plaintiffs have not sued the excess insurer in this action and want an opportunity to litigate whether that policy covers the Deputy in another action. But the fact that the court may be required to determine a particular issue, such as the coverage of an insurance policy, and that this may preclude further litigation, does, *ipso facto*, not constitute "manifest injustice."

■ If the plaintiffs had a good faith claim against the Sheriff or his excess insurer for more than $10,000, but were barred from asserting it because of the stipulation, it might be manifestly unfair for this court to resolve the merits of that claim; however, the excess policy is clear on its face and does not cover Deputy Petit. Accordingly, La.R.S. 33:1433 precludes any claims against the Sheriff for an amount greater than $10,000. Therefore, the plaintiffs were not, in fact, prejudiced in the least by the stipulation, either in their action against the Sheriff or the Deputy or in any future action against the excess insurer. What they stipulated was the unvarnished truth.

Plaintiffs also argue that the stipulation may require them to relitigate their claims against the Sheriff and Dixie Auto in another forum because of the failure to satisfy the jurisdictional amount required of diversity cases in federal court. However, this would be so only if there were no other jurisdictional basis for the claims against those defendants. For reasons set forth in this opinion, I believe that this court's pendent jurisdiction provides such a basis and that the unusual circumstances of this case warrant its exercise. Moreover, even if plaintiffs were required to relitigate their claims, that additional expense and inconvenience scarcely rises to the level of "manifest injustice."

### III

■ The power to hear a pendent claim between two parties already before the court was established in *United Mine Workers v. Gibbs*, 1966, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218. The court, in *Gibbs*, reasoned that, where federal and state claims derive from a common nucleus of operative fact, they constitute but one "case" within the terms of Article III, Section 2 of the Constitution; hence, there is constitutional authority to hear the whole matter. This power is discretionary with the court, to be exercised after balancing considerations of "judicial economy, convenience and fairness to the litigants" with those of comity. 383 U.S. at 726, 86 S.Ct. at 1139.

Within several years after *Gibbs* was decided, six of the seven courts of appeals had considered the issue of asserting pendent jurisdiction over a claim lacking an independent jurisdictional basis either by or against a party not otherwise subject to federal jurisdiction, and asserted that they had power to do so.[5] The Ninth Circuit alone reached a different conclusion.[6]

■ Last term, the Supreme Court considered a closely related issue in *Aldinger v. Howard*, 1976, 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276.[7] The court concluded that, by excluding municipal corporations, such as countries, from liability in 42 U.S.C. § 1983, Congress intended similarly to limit the statutory authority of 28 U.S.C. § 1343(3), the jurisdictional grant for Section 1983 claims. Therefore, a plaintiff asserting a federal cause of action under that statute may not implead a county for purposes of asserting a state law claim against it. The court specifically limited its holding to Section 1343(3) cases, but offered guidance for resolving analogous cases involving other jurisdictional grants:

> Two observations suffice for the disposition of the type of case before us. If the new party sought to be impleaded is not otherwise subject to federal jurisdiction, there is a more serious obstacle to the exercise of pendent jurisdiction tha[n] if parties are required to litigate a state law claim. Before it can be concluded that jurisdiction exists, a federal court must satisfy itself not only that Article III permits it, but Congress in the statutes conferring jurisdiction has not expressly or by implication negated it.[8]

■ The Fifth Circuit has recently considered the admonition of *Aldinger* in the

5. *Almenares v. Wyman*, 2d Cir. 1971, 453 F.2d 1075, 1083, cert. denied, 1972, 405 U.S. 944, 92 S.Ct. 962, 30 L.Ed.2d 815; *Nelson v. Keefer*, 3d Cir. 1971, 451 F.2d 289, 291 and note 4; *Stone v. Stone*, 4th Cir. 1968, 405 F.2d 94–96–98; *Connecticut General Life Ins. Co. v. Craton*, 5th Cir. 1968, 405 F.2d 41, 48; *F.C. Stiles Contracting Co. v. Home Ins. Co.*, 6th Cir. 1970, 431 F.2d 917, 920; *Hatridge v. Aetna Casualty & Surety Co.*, 8th Cir. 1969, 415 F.2d 809, 816–817.

6. *Hymer v. Chai*, 9th Cir. 1969, 407 F.2d 136.

7. The court chose not to decide the question in *Moor v. County of Alameda*, 1973, 411 U.S. 693, 93 S.Ct. 1785, 36 L.Ed.2d 596.

8. Aside from being limited to the particular jurisdiction grant before it, 28 U.S.C. § 1343(3), the opinion in *Aldinger* does not govern the issue raised here for several reasons. First, the court's concern over concurrently adding a non-federal party and a non-federal claim to a case where the court's jurisdiction is based on a federal claim was limited to instances where the main claim involves federal and not state law. As the Court of Appeals opinion, cited approvingly in *Aldinger* notes, "[the] diversity

context of the jurisdictional grant for diversity cases at issue here, 28 U.S.C. § 1332, and held that an independent basis of jurisdiction is necessary for a plaintiff in a diversity action to assert a non-federal claim against a non-diverse third party defendant. *Fawvor v. Texaco, Inc.*, 5th Cir. 1977, 546 F.2d 636. However, some significant distinctions exist between the circumstances in *Fawvor* and those presented here.

The court, in *Fawvor*, was concerned that pendent party jurisdiction would circumvent the fundamental principle of *Strawbridge v. Curtiss*, 1806, 3 Cranch (7 U.S.) 267, 2 L.Ed. 435, that complete diversity between the plaintiff and all defendants is required under 28 U.S.C. § 1332, but in the present case all the parties are diverse. The claim and the parties would be properly before the court pursuant to 28 U.S.C. § 1332, if plaintiffs' claim involved a penny more. The court, in *Fawvor*, was also concerned, as is this court, that the already overcrowded federal dockets would be further congested as a result of "reach[ing] out for state law based litigation." But, here, the merits of plaintiffs' claim, and the facts and circumstances that gave rise to it, were identical with respect to each defendant; only the amount in controversy differed. The court has already devoted the full amount of time and effort required to resolve the controversy, and the presence of the additional defendants did not add to the length of the trial.[9] Resolving the pendent claims does not require the resolution of any issues of state law other than those that must be decided in the main action.

Regardless whether these distinctions would justify the court in exercising pendent jurisdiction if the issue had been presented at the outset of the case, the court, because of the belated discovery of the jurisdictional problem has already adjudicated the claims against these defendants and entered judgment. Considerations of judicial economy and convenience no longer favor denying pendent jurisdiction but, in fact, provide reasons for exercising that authority.

Neither *Aldinger* nor *Fawvor* contemplate that a court that has proceeded to trial before it discovers that several parties and claims are dependent upon pendent jurisdiction, must consider whether to exercise that jurisdiction from the perspective that would have been presented had the question been raised at a time when the expenditure of judicial energy could still be avoided. No constitutional problem is presented by the exercise of pendent jurisdiction because the parties are, in fact, diverse. The sole issue is whether the statutory jurisdictional minimum precludes jurisdiction; under the present circumstances, the statute does not appear to compel the court to vacate what has been done and force the parties to duplicate their effort.

Accordingly, the motion of plaintiffs to modify the stipulation is DENIED. Defendants' motion to dismiss Sheriff Sellers and Dixie Auto, and their motions for a judgment notwithstanding the verdict, and new trial based on that same argument are DENIED. The judgment previously entered, as modified on April 7, 1977 to correct a clerical error, is

AFFIRMED.

cases generally present attractive opportunities for the exercise of pendent party jurisdiction since all claims therein by definition arise from state law." At 2416, citing 513 F.2d, at 1261–1262.

Additionally, the Court approvingly cited the Court of Appeals contention that "pendent state law claims arising in a civil rights context will 'almost invariably' involve the federal court in difficult and unsettled questions of state law, with the accompanying potential for jury confusion." *Id.* Such a problem is not present here.

9. The court also expressed concern that allowing pendent jurisdiction over a plaintiff's claim against a third party defendant would allow collusion between the plaintiff and nominal defendant to obtain federal jurisdiction over a party who would otherwise not be within the court's reach. As there is total diversity here, such collusion is not possible.