861 F.2d 303
 274 U.S.App.D.C. 70
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Alain Pierre BEAULE, Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Appellee.
 No. 87-1397.
 United States Court of Appeals, District of Columbia Circuit.
 Oct. 12, 1988.
 
 Before WALD, Chief Judge and HARRY T. EDWARDS and BUCKLEY, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on the record on appeal from the United States Tax Court and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir. Rule 14(c). For the reasons set forth in the memorandum accompanying this judgment, it is
 
 
 2
 ORDERED and ADJUDGED that the May 7, 1987 and the May 8, 1987 orders of Tax Court be affirmed.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely request for rehearing. See D.C.Cir. Rule 15.
 
 MEMORANDUM
 
 4
 Taxpayer Alain Pierre Beaule appeals from the order and judgment of the United States Tax Court entering a judgment for an income tax deficiency in the amount of $107.00. The Tax Court's decision and order was entered on May 7, 1987, and reaffirmed on May 8, 1987. We affirm.
 
 
 5
 Appellant alleges that it was improper for the Tax Court, on January 21, 1987, to dismiss his case for failure to prosecute. In addition, Beaule contends that his counsel was coerced into signing the January 23, 1987 stipulation. Finally, appellant argues that he should be relieved from the requirements of the agreed-upon stipulation.
 
 
 6
 Tax Court Rule 91(a) states that "[t]he parties are required to stipulate, to the fullest extent to which complete or qualified agreement can or fairly should be reached, all matters not privileged which are relevant to the pending case." Failure to stipulate facts is sufficient to support the dismissal of a Tax Court action. See Sauers v. Comm'r of Internal Revenue, 771 F.2d 64, 65 (3rd Cir.1985), cert. denied, 476 U.S. 1162 (1986); Miller v. Comm'r of Internal Revenue, 654 F.2d 519, 521 (8th Cir.1981).
 
 
 7
 Appellant was repeatedly warned by the Tax Court that failure to settle or to be prepared for trial could result in dismissal. In spite of those warnings, appellant was unprepared on the day of trial and did not submit a stipulation of facts or a trial memorandum as ordered by the court. Therefore, it was not an abuse of discretion for the Tax Court to order that this action be dismissed on January 21, 1987.
 
 
 8
 A court will not set aside a stipulation of a party unless the party alleging that it was signed under duress proves that unlawful threats induced him to do what he would not do otherwise. Krueger v. Comm'r of Internal Revenue, 48 T.C. 824, 832 (1967). There is no evidence of duress in this case. Before the court entered the order of dismissal, Beaule's counsel had asked the court to permit him to sign the stipulation agreed to previously by the parties on January 12, 1987 and January 14, 1987. Beaule's counsel stated on the record that it was best for his client if he signed the stipulation. While counsel had the option of appealing the dismissal order, he chose to sign the stipulation.
 
 
 9
 A trial court has broad discretion as to whether a party should be relieved from the party's own stipulation, and should only believe a party from a stipulation when necessary to prevent manifest injustice. Fairway Construction Co. v. Allstate Modernization, Inc., 495 F.2d 1077 (6th Cir.1974); Sherman v. United States, 462 F.2d 577 (5th Cir.1972). It is not unjust to hold appellant to the agreed upon date of April 1, 1987. Appellant's counsel proposed that date, he knew the importance of that deadline, and he was given the option of choosing a later date if he anticipated that additional time was needed. The stiff sanction imposed by the court was part of the January 23, 1987 stipulation.
 
 
 10
 Beaule additionally argues that oral statements made by the Commissioner's counsel on January 9, 1987 lead him to believe that the April 1, 1987 date was flexible, and that settlement documents would be accepted by the IRS if mailed a few days after April 1, 1987. The Tax Court ruled in its May 8, 1987 order that any agreements prior to execution of the joint stipulation were merged into that settlement agreement. This ruling was proper. When parties execute a written contract, all prior oral negotiations are superseded by the contract. See Waters v. Weyerhaeuser Mortg. Co., 582 F.2d 503, 506 (9th Cir.1978).
 
 
 11
 Accordingly, the order and judgment of the United States Tax Court are affirmed.