**MOBILE MARINE LIMITED, DAVID BELL, and PETER BRENTON, Plaintiffs**

**v.**

**NINNA MARIANNE, its fish, cargo, freight, equipment, engines, mast, boats, anchors, cables, chains, rigging, its engines, tackle, furniture and all other necessaries appertaining to the vessel, Defendant in Rem, and ARNE BJORCK and ROSE MARIE BJORCK, Defendants in Personam.**

---

**ABJORN BJORCK, Intervenor**

High Court of American Samoa
Trial Division

CA No. 29-95

June 7, 1995

Before RICHMOND, Associate Justice, VAIVAO, Associate Judge, and LOGOAI, Associate Judge.

Counsel: For Plaintiffs, Brian M. Thompson
 For Defendants and Intervenor, Togiola T.A. Tulafono

Order Releasing Vessel Upon Posting Security Bond in Increase Amount:

## BACKGROUND

This order concerns defendants' motion to reconsider our decision removing Abjorn Bjork from the vessel Ninna Marianne ("vessel"), where he is captain, and requiring plaintiffs to post a $20,000.00 bond for the safe return of the vessel to New Zealand. On June 5, 1995, a hearing was held on defendants' motion with counsel for all parties present.

## DISCUSSION

There are essentially two issues before the court: First, whether or not defendants are entitled to withdraw from their stipulation that New Zealand is the proper forum for this lawsuit; and second, whether our order of May 8, 1995 transferring possession of the vessel to plaintiffs, and requiring plaintiffs to post a $20,000.00 bond is valid in light of the fact that the order was not stipulated to by defendants.

At the hearing held April 12, 1995, plaintiffs and defendants stipulated to the fact that New Zealand was the proper forum for this lawsuit. Their agreement on that issue formed the basis of our order issued on April 25, 1995, which required the return of the vessel to New Zealand, but provided the parties with a seven day period in which they could agree to an arrangement of custody of the vessel and a security bond guaranteeing the safe return of the vessel to New Zealand. Defendants and Captain Bjorck, who has since intervened in this action, now wish to withdraw the

89

stipulation.·

■ Generally, once a stipulation is made in the course of judicial proceedings, an estoppel theory prevents its withdrawal absent a showing of fraud or mistake. *White v. State*, 266 S.E.2d 528, 528-29 (Ga. 1980); *McDonald v. Hester*, 155 S.E.2d 720, 721 (Ga. 1967). According to F.R.C.P. 16 (mirrored by T.C.R.C.P. 16), stipulations entered into freely and fairly are not to be set aside except to prevent "manifest injustice." *Chatzicharalambus v. Petit*, 430 F. Supp. 1087, 1090 (E.D. La. 1977). Such "manifest injustice" is only present under "exceptional circumstances." *Id*. We find no such manifest injustice in the present case, nor is any alleged by defendants and intervenor. It would be manifestly unjust to decide the contrary. To allow a party to freely enter into a stipulation and then to withdraw it when the result is not what that party had hoped, would be manifestly unjust to the other parties. We therefore reject the attempt by defendants and intervenor to withdraw the stipulation that New Zealand is the proper forum for this action.

■ We now turn to the issue of whether our prior order transferring possession of the vessel to plaintiffs and requiring plaintiffs to post a bond for the secure return of the vessel remains valid. On May 5, 1995, plaintiffs submitted a proposed order which, by its language, purported to be "PURSUANT to stipulation of the parties . . . ." Although a copy of the stipulation accompanied the proposed order, it was not signed by anyone representing defendants. Unfortunately, we issued the proposed order under the impression that the stipulation was agreed to by all parties, when, in fact, defendants had rejected it.[1] Since we issued the order based on a material mistake of fact, we exercise our discretion to reopen and modify the order. See *Indus. Valley Bank and Trust v. Lawrence Voluck*, 428 A.2d 156, 158 (Pa. 1981).

In most respects, we find the proposed order to be acceptable. Possession should be transferred to plaintiffs, because it is likely that plaintiffs would return the ship to New Zealand in light of plaintiffs' own location there. This result is legally permissible according to T.C.R.C.P. Supp. Rule D.

[I]n all actions by one or more part owners against the others to

---

[1] In light of our order giving the parties seven days to come up with their own arrangement to return the vessel to New Zealand, we expected a stipulated order. When plaintiff failed to reach agreement with the other parties, it would have made sense to take language out of his proposed order which conveyed the message that the order was stipulated to by all parties. Why plaintiff's counsel failed to take such action escapes the understanding of this court.

obtain security for the return of the vessel from any voyage undertaken without their consent, or *by one or more part owners against the others to obtain possession of the vessel for any voyage on giving security for its safe return,* the process shall be by a warrant of arrest of the vessel, cargo, or other property . . . (emphasis added).

■ Security may be effectuated by a bond, provided by the party designated to possess the vessel after its release, to be held by the court pursuant to T.C.R.C.P. Supp. Rule E(5)(a).

[W]henever process of maritime attachment and garnishment or process in rem is issued the execution of such process shall be stayed, or the *property released, on giving security,* to be approved by the court or clerk, or by stipulation of the parties, conditioned to answer the judgment of the court or of the appellate division . . . (emphasis added).

When, as in this case, the parties are unable to come to an agreement as to the correct amount of the security bond, the rules provide that the court shall fix the sum.

In the event of the inability or refusal of the parties so to stipulate, the court shall fix the principal sum of the bond or stipulation at an amount sufficient to cover the amount of the [defendants']² claim fairly stated with accrued interests and costs; but the principal sum shall in no event exceed (i) twice the amount of plaintiff's claim or (ii) the value of the property on due appraisement, whichever is smaller . . . .

*Id.* Defendants' counsel claims, by affidavit, that a bond in the amount of at least US$200,000 is necessary to secure defendants' interests and, at the hearing, that a bond in the amount of US$300,000 might be necessary to secure both defendants' and intervenor's interests. Testimony at the hearing further indicates that the claims by defendants and intervenor are about US$230,000 and the total present worth of the vessel may be as much as $500,000. However, the agreement between plaintiffs and

---

² The rule uses the word "plaintiff's" claim, because in most circumstances, the secured party is a plaintiff. T.C.R.C.P. Supp. Rule D, however, permits the court to award possession of a vessel to its part owners upon giving security for its safe return. We therefore look to T.C.R.C.P. Supp. Rule E(5)(a) for guidance in fixing the bond to the amount of defendants' and intervenor's claims in the vessel.

defendants for sale of the vessel sets a purchase price US$185,000 at the exchange rate for the Australian dollar on the hearing date. Pursuant to T.C.R.C.P. Supp. Rule E(5)(a), the bond cannot exceed the total value of the vessel. In light of the claims of both defendants and intervenor, we find the amount of US$185,000 to be a reasonable security.

## ORDER

The court hereby orders that the vessel be released from arrest upon the fulfillment of the following conditions:

1. Plaintiffs shall take possession of the vessel and provide security in the form of US$185,000 bond, to be deposited into this court's registry.

2. Bond shall be exonerated upon agreement of the parties, by order of this court, or by reference in a duly executed judgment of the courts of New Zealand.

3. Plaintiffs shall be responsible for payment of air transportation for intervenor and any other crew member wishing to leave the vessel for their return to New Zealand upon custody of the vessel transferring to plaintiffs's representatives.

4. The plaintiffs shall provide the services of a duly licensed captain for the return voyage to New Zealand.

It is so ordered.