The instant matter presents an interesting question of third-party pleading. The original complaint in this case was brought by the plaintiffs Collins against the defendants Blaha. The defendants Blaha filed a motion to implead a third-party defendant, Penn-Yan Boats, Inc., which motion was granted on April 21, 1967. The pleadings in the original action were closed by the filing of an answer by the original defendants on July 17, 1967, and it was claimed for a court trial.
The instant controversy arises because on August 9, 1967, the third-party defendant moved "for an order requiring the plaintiffs, John J. Collins, Jr. and Beverly C. Collins, to make paragraph 5 of the first count of their complaint more specific." This motion was granted on September 22, 1967, but to date has not been complied with by the plaintiffs Collins. The third-party defendant now moves "for a Non-Suit for failure to comply to the Order of the Court dated September 22, 1967."
It is the position of the third-party defendant that the failure to comply with the previous order *Page 467 
to make paragraph 5 of the first count of the complaint more specific requires this court to grant the motion for nonsuit. The plaintiffs Collins, on the other hand, take the position that the order entered on September 22, 1967, is of no validity as against them. The issue presented concerns an interpretation of General Statutes § 52-102a, dealing with the impleading of a third party by a defendant in a civil action. The briefs of the parties are of no effective assistance to the court, since they only discuss the provisions of the statute itself, with no citations of cases.
This section was enacted in 1965. Public Acts, Spec. Sess., February, 1965, No. 417. It does not appear that there are any reported cases in Connecticut dealing with the issue. It is obvious, however, that § 52-102a derives from, and is essentially the same as, the federal rule which has been in existence for some time. Fed.R.Civ.P. 14(a), (effective March 19, 1948; amended effective July 1, 1963, and July 1, 1966). Resort therefore must be made to the federal cases for assistance in arriving at an answer to the question at issue.
It must be emphasized in this matter that the original plaintiffs have not seen fit to amend their complaint to assert a "claim against the third-party defendant arising out of the transaction or occurrence that is the subject matter of the original complaint." General Statutes § 52-102a. Nor has the third-party defendant asserted "any claim against the . . . [plaintiffs] arising out of the transaction or occurrence that is the subject matter of the . . . [plaintiffs'] claim against the third-party plaintiff." § 52-102a.
As is brought out in Frankel v. Back,37 F.R.D. 545, 547 (E.D. Pa. 1965): "The joinder of a third party defendant in and of itself does not assert a *Page 468 
claim as between the plaintiff and the third party defendant, but is the assertion of a right by the original defendant against some one not a party to the action. Therefore the disposition of the third party complaint only affects the rights as between the original defendant and the third party defendant." Likewise, Davies v. Dotson, 198 F. Sup. 612,613 (E.D. Pa. 1961), makes clear that a "third party action in the federal courts adjudicates the rights of the original defendant and the third-party defendant inter se. It does not permit a judgment for the plaintiff directly against the third party defendant." Cox v. E. I. DuPont de Nemours Co.,269 F. Sup. 176, 178 (D.S.C. 1967), points out that Rule 14 relating to third-party practice creates no substantive rights to reimbursement, contribution, or indemnity but merely simplifies procedure, where such a right exists, by allowing its determination at the trial of the original claim. In George v. Brehm,246 F. Sup. 242 (W.D. Pa. 1965), the third-party defendant sought to file motions for summary judgment against the plaintiff, who had not amended his complaint to state a cause of action against the third-party defendant. The decision states (p. 246): "Under the Federal Rules of Civil Procedure a plaintiff cannot recover against a third-party defendant unless plaintiff amends his Complaint and files a direct action against the third-party defendant." See also Thompson v. United Artists TheatreCircuit, Inc., 43 F.R.D. 197 (S.D.N.Y. 1967); Olson
v. United States, 38 F.R.D. 489 (D. Neb. 1965).
Following these guidelines, this court must find that the third-party defendant, based on the state of the pleadings, is not entitled to the granting of a nonsuit against the plaintiffs.
 The third-party defendant's motion for nonsuit is hereby denied.