## Lillian Sachs v. Abraham Teitelman et al.

Superior Court     Judicial District of     File No. 151295
                  New Haven

Memorandum filed February 2, 1979

*Shay, DelSole & Thompson,* for the plaintiff.

*Frankl & Dahlmeyer,* for the third-party defendant Chuck's, Inc.

Grillo, J. The plaintiff's action against the defendant property owners has resulted in the impleading by the defendants (hereinafter referred to as third-party plaintiffs) of the third-party defendant, Chuck's, Inc., the third-party plaintiffs' lessee. As a result Chuck's, Inc., the third-party defendant, seeks, via a request to revise and proffered interrogatories, certain data from the plaintiff, who resists this request, her contention being that since Chuck's, Inc. is not a party to her action against the defendant property owners, the third-party plaintiffs, the third-party defendant has no standing to request the desired information of her. We disagree.

Section 218 of the 1978 Practice Book recites that "[i]n any civil action . . . a party may obtain in accordance with the provisions of this chapter discovery of information or disclosure . . . whether

the discovery or disclosure relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party . . . ." No qualification is set forth therein limiting the discovery rights to an original defendant in contradistinction to a defendant who is subsequently impleaded. Furthermore, a comparison of § 218 with its predecessor, § 167 of the 1963 Practice Book, makes it crystal clear that the right of discovery has been broadened, allowing discovery even if the information sought relates not to the defense of the party seeking it, but to that of another party.

In objecting to the request to revise, the plaintiff cites *Collins* v. *Blaha,* 27 Conn. Sup. 465, where the third-party defendant moved for a nonsuit against the original plaintiff for noncompliance with a previous order. Federal cases cited in that opinion, the fulcrum of the court's denial of the nonsuit, are cited therein as authority, as of that date, 1968, for the proposition that a " 'third party action in the federal courts adjudicates the rights of the original defendant and the third-party defendant inter se. It does not permit a judgment for the plaintiff directly against the third party defendant.' " *Collins* v. *Blaha,* supra, 468. The cases cited therein refer to judgments as between original plaintiffs and third-party defendants. They are not applicable to the present issue—whether a third-party defendant can obtain more precise information from an original plaintiff. Having this information, the third-party defendant herein can determine whether the wrong allegedly inflicted upon the plaintiff by the defendant owners, the third-party plaintiffs, relates to its duties under the lease to insulate the third-party plaintiffs from liability to third parties.

Finally, the protest of the plaintiff flies in the face of § 117 of the 1978 Practice Book, entitled "Impleading of Third Party by Defendant in Civil

Action," which provides in pertinent part that a third-party defendant "shall have available to him all remedies available to an original defendant . . . ." That section would seem to sanction even the entry of judgments as between original plaintiffs and third-party defendants, subject to the existence of certain conditions. As in the case of statutes each rule should be made operative and harmonious with every other rule. To grant a litigant the broad rights extended by § 117 and yet deny him the right to file preliminary motions designed to exercise those rights would be unreasonably incongruous.

The objections are overruled.