[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON THIRD PARTY DEFENDANT'S MOTIONTO STRIKE COMMON LAW INDEMNIFICATION COUNT
The plaintiff has brought an action against Jeber Realty for injuries allegedly arising out of a slip and fall on January 6, 1994. The plaintiff alleges Jeber Realty owned, controlled, and managed the property where the plaintiff fell and was injured.
The defendant Jeber then moved to cite-in the third party defendant Arthritis Rehabilitation Center, a tenant of Jeber Realty. The third party complaint alleged contractural indemnification in the first count and common law indemnification in the second count. The third party defendant has moved to strike the second count of the third party complaint which alleges common law indemnification.
The third party defendant (Rehabilitation Center) basically argues that given the allegation of the plaintiff's complaint against Jeber Realty, the latter is precluded from seeking indemnification on a theory of active/passive negligence as a matter of law.
The defendant Jeber Realty first argues its tenant, Rehabilitation Center, cannot press the motion to strike because it is really a so-called "speaking demurrer". In other words although the motion to strike is aimed at the third party complaint it relies on allegations made in the underlying complaint of the plaintiff. Stephenson, Conn. Civil Procedure, 2d Ed § 116(b) at p. 471 does say "a demurrer must stand or fall on the legal sufficiency of the allegations in the pleading demurred to." Thus the pleading at which the motion to strike (the common law demurrer) is directed is the third party complaint — insofar as it seeks to refer to another pleading it is a speaking demurrer. Such a result doesn't seem to make much sense to me. It in effect would curtail some if not all motion to strike practice by third party defendants against third party complaints. Besides I believe the third party plaintiff should be precluded from raising such an objection because of the very mechanism it relied on to bring the third party defendant into the case. Section 117 of the Practice Book says: "A defendant in a civil action may move the court for permission as a third party plaintiff to serve a writ, summons and complaint upon a person not a party to the action who is or may be liable to him (sic) for all or part of the plaintiff's claim CT Page 4010-UUUU against him (sic)." (Emphasis added)
The plaintiff's "claim" is asserted in the underlying complaint — that's the benchmark to determine whether impleader should be permitted against the third party defendant. How can in all fairness a third party plaintiff then say the viability of its action cannot be tested by the third party defendant's reference to the original complaint. In a third party action the third party plaintiff is limited to claims for indemnity as to the claims made by the original plaintiff in his complaint, State v. Kement,
12 Conn. L. Trib. No. 7, p. 20 (1986). The original complaint is necessarily bound up with and underlies the third party action against the third party defendant. One judge has even permitted the third party defendant to request a revision of the original plaintiff's complaint, Sachs v. Teitleman, 35 Conn. Sup. 213
(1979). I do not regard the motion to strike made here as analogous to a common law "speaking demurrer" and I'll rely on Rule 6 of the Practice Book to permit a motion such as this if there might be any ambiguity on this question in the language of Practice Book § 143 providing for motions to strike.
Turning to the merits of the third party defendant's motion to strike counsel refers to Kaplan v. Merberg Wrecking Corporation,152 Conn. 405, 416 (1965) which sets forth the essential elements that must be proven to allow common law indemnification on an active/passive negligence theory (1) the party must have been negligent (2) its negligence rather than the negligence which the party seeking indemnification was found chargeable must be the direct, immediate cause of the accident and resulting injuries (3) the party against whom indemnification is sought must have been in control of the situation to the exclusion of the party seeking indemnification (4) the latter party did not know of the other party's negligence, had no reason to anticipate it and could reasonably rely on the party from whom it now seeks indemnification to in fact not be negligent.
The third party defendant then argues Jeber Realty cannot meet the requirements of the second or third prongs. The plaintiff alleges "direct, active negligence" on the part of Jeber Realty in that it: (a) failed to adequately remove snow and ice from the rear entrance to the premises (b) permitted hard packed snow and/or ice to build up at that entrance (c) failed to adequately sand, salt or apply appropriate ice melt to the rear entrance (d) failed to adequately inspect the area to insure it had been adequately salted, sanded or otherwise rendered safe (e) knew or should have CT Page 4010-VVVV known in the exercise of reasonable care that a portion of the property was leased to the third party defendant Arthritis Rehabilitation Center and would require a reasonably safe entrance yet Jeber Realty failed to provide such a safe entrance.
The third party defendant goes on to argue that if the plaintiff proves Jeber Realty "did any of these things which contributed to the claimed injury, Jeber Realty is by necessity an active tortfeasor who cannot meet the standards of indemnification", (page 4 of brief).
The problem with this argument or at least with using the mechanism of a motion to strike to prevail on it is the difficulty of defining "active" or "passive" negligence on the face of the pleadings. In its third party complaint against the Arthritis Rehabilitation Center Jeber Realty in its common law indemnification claim alleges the Center was negligent in that it (a) failed to notice the alleged dangerous condition when it knew or should have known of its existence (b) failed to make a proper inspection of the leased premises (c) failed to warn the plaintiff of the allegedly dangerous condition (d) failed to cancel or postpone the plaintiff's appointment despite the dangerous circumstances and (e) failed to suggest a safer route or way to enter the premises.
Thus the second count in common law indemnification references the plaintiff's negligence claim but says despite that for the above referenced reasons the Center must indemnify us if we are found liable to the plaintiff. How can I say on the face of the pleadings that despite any negligence by Jeber Realty especially in light of the allegations of (d) and (e) in its complaint against the third party defendant, Jeber Realty is actively negligent and the Center is only passively negligent. Assuming a jury finds Jeber Realty negligent in not keeping the entrance in a reasonably safe condition because of its ownership or management relationship to the premises how can I say jury might not conclude that the third party defendant was actively negligent because the morning of the fall employees of the Center knew or should have known that despite any general obligations the Jeber Realty had to keep the entrance safe it was not safe and they still had the plaintiff patient come in knowing he might unwittingly use a dangerous means to get into the Center and did not even suggest a safer way to enter the building to the patient?
The third party defendant also argues that the third prong of the test cannot be met: "under the allegations of the original CT Page 4010-WWWW complaint, if Jeber Realty, had no control over the situation, it was not negligent and therefore no valid indemnification claim exists.", (page 5 of brief).
But the discussion in Kaplan presupposes that as between the plaintiff in the underlying complaint and the third party plaintiff the plaintiff will have established a negligence claim against the third party plaintiff. The establishment of such a claim doesn't require the plaintiff to prove that the third party plaintiff was in control of the situation to the exclusion of any prospective third party defendant. The plaintiff need only establish the third party plaintiff was in sufficient "control" to allow the plaintiff to prove a negligence theory of liability. Therefore any recovery for the plaintiff against a third party plaintiff does not represent necessarily a conclusion by the trier of fact that the third party plaintiff was in exclusive control of the situation. Since that is so, how can I grant a motion to strike? I do not think I can on the face of these pleadings so the motion to strike is denied.